W. B. CLARK INVESTMENT COMPANY *vs.* JOHN C. McNAUGHTON.

April 2, 1891.

Usury—Renewal Note—Pleading—Evidence.—A reply, in an action on a promissory note, construed as putting in issue the allegation of the answer (in which the defence of usury was made) that the note was given in renewal of a former note. Hence the defendant was entitled to give evidence of usury in the note, as though it were an original and not a renewal note.

Same—Sufficiency of Evidence. Evidence *held* sufficient to sustain the defence of usury.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks*, J., presiding, refusing a new trial after verdict for defendant.

*Cobb & Wheelwright*, for appellant.

*Hart & Brewer*, for respondent.

DICKINSON, J.[1] This action is for the recovery of the amount of a promissory note made by the defendant to the plaintiff, July 10, 1889, for the payment of $868, with interest at the rate of 10 per cent. per annum, and payable three months after its date. It is alleged in defence that this note was given to renew a former note for the same amount, which the defendant had given to the plaintiff in April, 1889, upon a loan from the plaintiff to the defendant of $833; that the original note was usurious, interest in excess of the lawful rate being computed and included in the sum for which the note was given. It is also alleged that interest at a usurious rate was paid by the defendant on the note sued on, and at the time that note was

[1]Vanderburgh, J., took no part in this case. Mitchell, J., took no part in the decision, being absent when it was made.

given. A verdict was returned for the defendant, the court refused a new trial, and the plaintiff appealed to this court. The appellant makes the points: (1) That the court erred in receiving the testimony of the defendant showing the payment of interest in excess of the lawful rate on the note sued on; and (2) that the evidence did not justify the conclusion that there had been any usurious agreement affecting the legal validity of this note.

1. There was no error in receiving the evidence just referred to. The statement of one reason for this conclusion will suffice, without considering whether the ruling should not be sustained upon other grounds also. While the answer alleges that the note in suit was given in renewal of a former note, this was not admitted by the reply, and is deemed to have been put in issue by the general denial of what is not there "specifically" admitted. It may be that the reply should be deemed to admit the giving of the former note, but, even if this be indirectly admitted, it is not admitted, nor does it follow, even as an inference, that the note last given was a renewal of the indebtedness evidenced by the former. Nor does it appear from the testimony of the witness Penney that such was the fact; and, even if Penney had testified that this was a renewal note, the evidence in question would still have been admissible, so long as that was a matter in issue, not admitted by the plaintiff. The making of this note was admitted by the defendant, and this *prima facie* entitled the plaintiff to recover on it. If the debt evidenced by this note was originally usurious, whether that debt was created at the time of the giving of the former note, the note in suit being merely a renewal, or was created when this note was given, this being the original contract and not a renewal, the defendant was entitled under his answer to show that fact (usury) as a defence. As the plaintiff by its reply denied that this was a renewal note, and as the plaintiff might support its denial by rebutting evidence going to show that this was an original contract, unconnected with any former transaction, the defendant was entitled to show that interest at an unlawful rate was charged and paid on this note.

2. The evidence showed that this was a renewal of a former note. The appellant contends that the evidence does not show that usuri-

ous interest was reserved or received pursuant to an *agreement* of the parties; that there was no contract or agreement involving the element of usury. This contention cannot be sustained. It appears, if the defendant's testimony is to be believed, that the defendant borrowed and received from the plaintiff the sum of $833.50, and that the plaintiff, by its agent, made out a note, which the defendant signed, for the payment of $868, payable three months thereafter, and that it was understood that the interest was added to the sum loaned to make up the amount of the note. Otherwise there was no agreement concerning interest,—nothing said about it. In contending that there was no proof of an agreement involving the element of usury, the appellant ignores the written contract, the note made by the defendant and accepted by the plaintiff in consideration of the loan (as the defendant testified) of $833.50, whereby the defendant promised to repay $868 three months thereafter. If only the sum stated was loaned, this was an agreement for the payment of interest at the rate of about 16 per cent. a year.

Order affirmed.