## McKANNA et al. v. THORNE.

No. 10605—Opinion Filed Sept. 19, 1922.

(Syllabus.)

**1. Usury—Usurious Transaction.**

Where the lender of money requires the borrower to execute notes by their terms obligating the borrower to pay to the lender a greater amount of money than that actually loaned to the borrower, including the highest legal rate of interest which the lender is permitted to charge under the law, such a transaction is tainted with usury.

**2. Same — Action Upon Usurious Note— Remedy of Defendant — Statutory Construction.**

In an action by the lender of money upon promissory notes evidencing a usurious transaction, the defendant in such action may plead as a set-off or counterclaim twice the amount of the entire interest collected, reserved, charged, or received in said transaction under section 1005, Revised Laws 1910, as amended by the act of the Legislature approved March. 4, 1916, c. 20, Session Laws 1916, p. 24.

**3. Same.**

Record examined, and held, that the transaction, as evidenced by the notes upon which the plaintiff instituted this action, was usurious, and that the trial court committed reversible error in refusing to allow defendants credit for twice the amount of the entire interest charged by the plaintiff for the use of the money loaned.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by E. C. Thorne against Belle McKanna and another in foreclosure. Judgment for plaintiff, and defendants appeal. Judgment reversed, and cause remanded, with directions to grant the defendants a new trial.

Wilson, Tomerlin & Threlkeld, W. R. Taylor, and H. F. Tripp, for plaintiffs in error.

G. A. Paul, for defendant in error.

KENNAMER, J. This appeal is prosecuted by Belle McKanna and J. J. McKanna, plaintiffs in error, to reverse the judgment of the district court of Oklahoma county rendered on November 20, 1918, in favor of E. C. Thorne. The defendant in error, E. C. Thorne, was by the judgment of the district court decreed a recovery of $10,251.53, together with interest thereon from the date of said judgment at the rate of 7 per cent. per annum until paid, for $600 as an attorney fee, and the foreclosure of a real estate mortgage executed to secure the payment of said money adjudged to be due said E. C. Thorne upon certain promissory notes.

The only question presented by this appeal for determination is whether or not the transaction involving the loan of $6,000 by the defendant in error to the plaintiffs in error is shown to be usurious upon the face of the notes executed evidencing the debt due by the plaintiffs in error to the defendant in error.

The parties will be referred to as they appeared in the trial of the cause; E. C. Thorne, as plaintiff, and Belle McKanna and J. J. McKanna, as defendants.

An examination of the evidence found in the record discloses the following facts: That the McKannas, for the use of $6,000 loaned to them for a period of five years from October 1, 1912, until October 1. 1917. were charged by the plaintiff, E. C. Thorne. or contracted to pay to him, interest in the sum of $3,454.15, as evidenced by the following notes:

| | |
|---|---|
| One coupon note for _____ | $ 221.65 |
| 9 coupon notes for $210 each_____ | 1,890.00 |
| Mortgage alleged as commission____ | 1,200.00 |
| Interest on $300 at 10 per cent. from October 1 to January 1, 1913 _____ | 7.50 |
| Interest on $450 from October 1, 1912, to October 1, 1913_____ | 45.00 |
| Interest on $450 from October 1, | |

1912, to October 1, 1914_____    90.00

Total interest contracted to be paid and charged by Thorne, lender of the money_____    $3,454.15

It is clear from the notes executed by the defendants that the defendants contracted to pay to the plaintiff $454.15 more than the legal rate of interest which the plaintiff was permitted to charge the defendants under the law. Ten per cent. interest being the maximum amount of interest which the plaintiff was permitted to charge the defendants for the use of the money, it is obvious that when the plaintiff required the defendants to contract to pay him $3,454.15 for the use of $6,000 for five years the transaction was tainted with usury. The rule applicable to this case is stated in Bristow v. Central State Bank, 68 Oklahoma, 173 Pac. 221, as follows:

"When the lender exacts of the borrower as a condition of the loan a sum in addition to the highest legal rate of interest, the loan is thereby tainted with usury and the taint is not removed by giving this charge the name of 'discount.'"

The rule was again announced and approved in the case of Morris v. Purcell Bank & Trust Co., 85 Okla. 45, 204 Pac. 436. Where the lender of money takes the borrower's obligation for a larger sum than the existing indebtedness and which obligation bears the highest legal rate of interest, in the absence of a satisfactory explanation, it may be properly inferred from such transaction that the lender of the money has required the borrower to obligate himself to pay usurious interest. Ruby v. Warrior, 71 Oklahoma, 175 Pac. 355; Garland et al. v. Union Trust Co. et al., 63 Okla. 243, 165 Pac. 197; Bean et al. v. Rumrill, 69 Oklahoma, 172 Pac. 452.

Under section 1 of Senate Bill No. 3 of the act of the Legislature approved March 4, 1916, Session Laws 1916, p. 24, amending section 1005, of Revised Laws 1910, the defendants were entitled to plead as an offset or counterclaim against the debt of the plaintiff twice the amount of the entire interest which the plaintiff charged the defendants for the use of the money loaned. The applicable part of the statute reads as follows:

"* * * Provided, further, that when any suit is brought upon any note, bill or other evidence of indebtedness or to foreclose any mortgage or lien given to secure such indebtedness when a greater rate of interest has been collected, reserved, charged or received than is provided for in this act, the defendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved,

charged or received in said transaction, or in all such transactions between the same parties."

It is plain under the provisions of this statute that the judgment of the district court must be reversed, and the cause remanded, with directions to grant the defendants a new trial and proceed with the cause in harmony with the views herein expressed. It is so ordered.

KANE, JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.