### RICHARDSON v. BARNHART et ux.

No. 20665.   Opinion Filed June 28, 1932.

Rehearing Denied Nov. 22, 1932.

Hatchett & Ferguson, for plaintiff in error.

Paul N. Burford, for defendants in error.

ANDREWS, J. This cause was heretofore before this court in Barnhart et ux. v. Richardson, 134 Okla. 19, 272 P. 418. By the decision of this court at that time the judgment of the trial court was reversed with directions to the trial court to render judgment consistent with the views therein expressed.

The mandate was filed in the district court on December 28, 1928, and it was spread of record on January 31, 1929. On March 11, 1929, the trial court rendered judgment in favor of the defendants and against the plaintiff in the sum of $3,600, together with an attorney's fee of $360, and canceled the note sued upon and the mortgage securing it.

The plaintiff contends that the trial court erred in rendering judgment without hearing any evidence. The judgment as rendered was based upon the facts shown by the record at that time and the mandate and decision of this court. No additional evidence was necessary. There was no error in rendering judgment on the evidence shown by the record. The judgment is in conformity with the mandate of this court, except as hereinafter stated.

The plaintiff herein contends that "the trial court had no information as to whether any of the interest had been paid." Under the provisions of our statute, under the facts in this case, it is immaterial whether or not the interest has been paid.

The judgment is not contrary to law except that it is excessive. By it the note sued upon in this action was canceled. The question is thus presented as to whether the amount of the recovery on a counterclaim for usurious interest charged and reserved should be deducted from the amount of money actually paid to the borrower by the lender or from the amount which the borrower agreed to pay to the lender.

We are not unmindful of the decisions of courts construing statutes and constitutional provisions of other states, in some of which it is held that usurious contracts are void. Neither the Constitution nor the statutes of Oklahoma so provide. This court in Stockyards State Bank v. Johnston, 52 Okla. 32, 152 P. 585, held that such contracts are not void. It said:

"Usury was not known to the common law, being a creature of the statute, and therefore we must look to the statute in each particular jurisdiction to determine the rights and remedies of the parties to a usurious transaction. 39 Cyc. 1006. While usury statutes usually prohibit the making of contracts of loan at a higher rate than the specified legal rate, they also provide specific penalties and forfeitures for violation thereof, which preclude the implication in such cases that the legislators intended contracts in violation of such statutes to be absolutely void. In some states, however, contracts in violation of the usury statutes have been specifically declared void by the very terms of the statute (39 Cyc. 911), and to determine whether or not such usurious contracts are void we need look no further than the statute of the state, as the statute itself is controlling."

It had before it the provisions of section 1005, Revised Laws 1910, hereinafter referred to, and with reference thereto it said:

"From a reading of the above statute it is quite apparent that the penalty for exacting usury in this state makes a person guilty thereof liable for certain penalties provided for in this statute, and does not render the entire contract void, unless the penalties exceed the amount due under the contract."

In Anderson v. Tatro, 44 Okla. 219, 144 P. 360, it was held that the remedy provided by the statute is exclusive.

The constitutional provision with reference to usury is contained in section 3, article 14, thereof. Under the terms of that section the provisions thereof are subject to such changes as the Legislature may prescribe. Pursuant to that authority the Legislature at the 1910 session adopted House Bill No. 69 (chapter 119, Session Laws 1910). By section 1 of that act the maximum legal and contract rates of interest were fixed. That section was carried forward by the revisers as section 1004, Revised Laws 1910, with minor changes in the

language, and appears as section 5097, C. O. S. 1921. Section 2 of the 1910 act was carried forward by the revisers as section 1005, Revised Laws 1910, with minor changes in the language. Section 3 of the 1910 act was carried forward by the revisers as section 1006, Revised Laws 1910, with minor changes in the language, and appears as section 5103, C. O. S. 1921. It provides for the allowance of an attorney's fee for the use and benefit of the attorney of record of the prevailing party in an action involving usurious interest. Under the decisions of this court construing the provisions of section 1005, supra, usurious interest which had been paid could not be recovered in an action on the note or instrument evidencing the indebtedness, but a claim therefor was required to be litigated in a separate action. Union Savings Ass'n v. Cummins, 78 Okla. 265, 190 P. 869; Daniels v. Bunch, 69 Okla. 113, 172 P. 1086. In Anderson v. Tatro, supra, it was held that the recovery of usurious interest paid could be had only from the person taking or receiving the usurious interest and not from the person reserving or charging usurious interest. Those facts, among others, were the cause of the enactment of chapter 20, Session Laws 1916, by section 1 of which section 1005, supra, was amended to provide that when a suit was instituted upon a note, bill, or other evidence of indebtedness, where a greater rate of interest had been collected, reserved, charged or received than authorized by law, the defendant or his legal representative might plead as a set-off or counterclaim in the action twice the amount of the entire interest collected, reserved, charged, or received in the transaction. That section was carried forward by the compilers as section 5098, C. O. S. 1921. As stated in First State Bank v. Brooks, 127 Okla. 220, 260 P. 502, the provisions of section 5098, supra, changed materially the law with reference to the penalty for usurious interest.

The 1916 act consists of five sections. Those sections appear as sections 5098, 5099, 5100, 5101, and 5102, C. O. S. 1921. The provisions of that act are controlling in the case at bar.

It will be noted that in neither the Constitution nor the statutes referred to was there any provision avoiding the debt, and the language used therein is not susceptible of such a construction.

The constitutional provision as to the taking, receiving, reserving, or charging being knowingly done does not appear in either the 1910 act or the 1916 act, supra, and the provision of section 1005, supra, as to a demand does not appear in the 1916 act.

Under the provisions of section 5098, supra, a set-off or counterclaim in twice the amount of the entire interest charged is permissible. McKanna v. Thorne, 87 Okla. 74, 209 P. 1039. There is an excellent review of the Oklahoma decisions in Mires v. Hogan, 79 Okla. 233, 192 P. 811, in which it was said:

"The amendatory act of March 4, 1916, not only makes the penalty for charging or receiving usurious interest a defense by way of set-off, but also makes it a good counterclaim, in the action to recover the debt."

An analysis of the 1916 act discloses that it provides a penalty for the taking, receiving, reserving, or charging a greater rate of interest than is provided by law, and a comprehensive procedure for the enforcement of the penalty. Section 5098, supra, provides for the penalty in the following language:

"The taking, receiving, reserving, or charging a greater rate of interest than is provided by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon."

It provides two methods for the enforcement of the penalty so provided, one of them being in case a greater rate of interest has been paid, and the other being in case a greater rate of interest has been charged and not paid. The procedure provided in case a greater rate of interest has been paid is:

"* * * the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving the same in an action in the nature of an action of debt twice the amount of the entire interest paid. * * *"

The procedure provided when the interest charged has not been paid is:

"* * * that when any suit is brought upon any note, bill, or other evidence of indebtedness or to foreclose any mortgage or lien given to secure such indebtedness when a greater rate of interest has been collected, reserved, charged, or received than is provided for in this act, the defendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged, or received in said transaction or in all such transactions between the same parties."

Section 5099, supra, provides for two methods for the liquidation of usurious con-

tracts. The first of these is by the payor, his agent, attorney, or legal representative tendering to the holder of the contract "the exact amount of money received from the lender, less the amount of the entire interest charged, received, reserved, or collected thereon" in the manner and at the time therein provided. The acceptance or final rejection of the proper amount so tendered "shall constitute and be a full and complete satisfaction of such indebtedness." The second of these is applicable where no such tender has been made and where suit has been instituted in a court of competent jurisdiction for collection under the contract. In that event the payor, his agent, attorney, or legal representative may deposit in the court "the exact sum of money received on said contract, less the exact amount of the entire interest taken, received, reserved or charged, and the cost incurred" at the time and in the manner therein provided. If the same be not accepted and the court or jury shall make a finding thereon, the court is required to render judgment against the plaintiff holding the contract and debt satisfied by reason of such tender, and the deposit so made shall be returned to the defendant. Those provisions are optional to the payor and, by the proviso, are not to be construed to prevent the payor from bringing an action on a cross-petition or in an original suit to recover twice the amount of interest charged or paid in the contract sued upon. By a second proviso the provisions of the Negotiable Instruments Act remain in force and effect.

Theretofore recovery on usurious contracts, in many instances, had been defeated by a transfer of the contract to an innocent purchaser for value without notice. An innocent purchaser of such a contract was not liable in an action for the recovery of usurious interest paid to him, and the lender was not liable for the reason that he did not receive the usurious interest. By the provisions of section 5100, supra, a lender who transfers the contract to a bona fide purchaser before due is made liable to the maker of the note, bill, or other evidence of the indebtedness for double all such interest taken, reserved, charged, or received.

By section 5101, supra, the jurisdiction of the courts was denied as to suits upon contracts entered into after the passage and approval of the act, of $300 or less, whether the suit was for money judgment in replevin or to foreclose a mortgage or lien given as security therefor.

By the provisions of section 5102, supra,

banks were required to report all usurious charges made.

The provisions of the several sections are harmonious. They provide that when usurious interest has been charged, the borrower may liquidate the contract by tendering to the holder of the contract the exact amount of money received from the lender, less the amount of the entire interest charged, received, reserved, or collected thereon. If the borrower is sued on the contract, he may deposit in the court the exact amount of money received from the lender, less the amount of the entire interest charged, received, reserved, or collected thereon, and the cost incurred, or he may plead as a set-off or counterclaim a claim for twice the amount of the entire interest collected, reserved, charged, or received in the transaction. If the contract has been assigned to an innocent purchaser for value without notice, he may recover from the lender double all the interest taken, reserved, charged, or received. If the usurious interest has been paid, the person by whom it was paid may recover from the person, firm, or corporation receiving the same, twice the amount of the entire interest paid. The result is the same in each of the instances, for in each of them the borrower receives a benefit of twice the amount of the interest taken, received, reserved, or charged.

No one would be apt to deposit in court, in liquidation of a usurious contract, the exact amount of money received on the contract, less the exact amount of the entire interest taken, received, reserved, or charged, when the court could not render a judgment for more than the exact amount of money received on the contract, less twice the amount of interest collected, reserved, charged, or received in the transaction. It is probable that he would either wait until the judgment was rendered and pay the amount of the judgment, which, under that theory, would be the amount of money received on the contract, less twice the amount of the interest collected, reserved, charged, or received, or offer in court to confess judgment for the exact amount of money received on the contract, less twice the amount of interest collected, reserved, charged, or received in the transaction, as authorized by the provisions of section 849, C. O. S. 1921.

That section is in full force and effect and it must be given effect in determining the construction to be placed on the usury statutes of this state. Under the provisions of that section, after an action for the recovery of money is brought, the defendant may

offer in court to confess-judgment for part of the amount claimed, and if the plaintiff, being present, refuses to accept such confession of judgment in full of his demands against the defendant in the action, or, having had such notice that an offer would be made, of its amount, and of the time of making it, as the court shall deem reasonable, fail to attend, and on the trial do not recover more than the amount so offered to be confessed, such plaintiff shall pay all the costs of the defendant incurred after the offer. In other words, where one had borrowed $1,000 for one year and had agreed to pay $200 interest and a note had been executed for $1,200, he would not be apt to deposit in court or tender to the lender $800, being $1,000, less the $200 interest charged, when the court could not render a judgment against him for more than $600, being $1,000, less twice the $200 interest charged, and when he could offer to confess judgment for $600 under the provisions of section 849, supra. If the act was given that construction, the borrower would be penalized $200 for making the tender or depositing the money in court and he could gain $200 by failing to make the tender or deposit in court. The same condition exists where the note has been transferred to an innocent purchaser for value without notice. The borrower is liable for the amount of the note and may recover from the lender double the amount of all the interest taken, reserved, charged, or received. But, under the construction contended for, if the note is not transferred, the borrower may have a judgment against the lender for twice the amount of the entire interest collected, reserved, charged, or received in the transaction, to be set off against the exact amount of money received by him from the lender. That construction would put a premium on the transfer of notes, for the lender, by transferring the note to an innocent purchaser for value, could save an amount equal to the amount of the entire interest collected, reserved, charged, or received. In other words, in the instance stated, the lender could sell the note for $1,200 to an innocent purchaser for value and be liable to the borrower for only twice the amount of the entire interest collected, reserved, charged, or received, to wit, $400, leaving the lender with $800; but if he kept the note, the borrower could recover from him twice the amount of the interest collected, reserved, charged, or received, to wit, $400, to be set off against the exact amount of money received from the lender, to wit, $1,000, leaving the lender with only $600.

To give the act the construction contended for would be to hold that the Legislature intended to impose a greater penalty for charging usurious interest than it imposed for charging and collecting usurious interest, for if usurious interest has been charged and collected, the amount of the recovery provided by the act is twice the amount of the entire interest paid, which results in the lender losing the interest charged and an equal amount; but under the construction contended for, where the interest had not been paid, the lender would lose the interest charged and in addition thereto twice the amount of the interest charged. In other words, in the instance cited, the lender would lose the $200 interest charged and $400, being twice the amount of the interest charged, leaving him $600 from the $1,200 note; but if the borrower paid the note, the lender would have the amount of the note, $1,200, and would be required to pay back only $400, leaving him $800 from the $1,200 note. Certainly the Legislature did not intend to impose a greater penalty for a mere charge of usurious interest than is imposed for the charging and collecting of usurious interest. We cannot believe that the Legislature intended to provide a procedure by which a usurer could be benefited by transferring a note to an innocent purchaser for value, or by which a borrower could be penalized by tendering the amount due under the statute or depositing the amount due under the statute in court. We are forced to the conclusion that the language "set-off or counterclaim" was used in the act with its well understood meaning, and that the borrower is liable to the lender for the amount which he has agreed to pay, less twice the amount of the entire interest collected, reserved, charged, or received in the transaction, with an attorney's fee as provided in the statute.

The decision of this court in Pearson, v. Glen Lumber Co., 55 Okla. 280, 160 P. 48, is not controlling. The method of computing a set-off or counterclaim in a case involving usurious interest was not therein an issue; the language used by the court therein with reference thereto was not necessary to a determination of the issues presented in that case, and the parties to that action, in their briefs, nowhere discussed that question. We call attention to the fact that that decision has not been cited by this court in any decision and that it is in conflict with other decisions of this court.

It is in conflict with the decision of this court in Union Savings Ass'n v. Cummins,

supra, in which this court quoted from "Mr. Webb in his Law of Usury, sec. 519, p. 602," as follows:

"'The provision of the federal statute above uqoted, as to "reserving" usury, has been uniformly construed to mean that where usury is reserved by the terms of the contract, but not paid, the only penal consequence is the forfeiture of the entire interest. And this construction is applicable to interest accruing by law, by reason of the nonpayment of the loan after maturity.

"'But with reference to the next sentence in the section, providing that "in case the greater rate of interest has been paid," etc., some judicial differences have arisen. While it is established that "the difference between the offenses is the difference between exacting an agreement to pay and exacting actual payment; and the difference between the consequences imposed is the liability to lose once the interest in the former case and twice the interest in the latter." ' "

The provision under consideration therein being section 3, article 14, of the Constitution, which provided for the forfeiture of "the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon." Section 5098, supra, provides for the forfeiture of "twice the amount of interest which the note, bill, or other evidence of the debt carries with it or which has been agreed to be paid thereon." The doctrine announced in Union Savings Ass'n v. Cummins, supra, was approved by this court in Mires v. Hogan, supra.

It is in conflict with the opinion of this court in Miller et al. v. Oklahoma State Bank of Altus et al., 53 Okla. 616, 157 P. 767. Therein the plaintiff had brought a suit on a note in the amount of $1,325. One hundred twenty-five dollars of the amount thereof was interest to the date of maturity and the amount charged was usurious. There had been a payment of $400 made thereon, leaving a balance due on the contract of $925, and the suit was for that amount. This court said:

"Under the first condition the lender of money by the act of charging illegal interest thereby forfeits twice the amount of the interest which the note carries with it, or which has been agreed to be paid thereon, and in case he sues for collection of the note and the payor pleads such illegal interest charge, it is uniformly held that it will be the duty of the court to limit the plaintiff's recovery to the amount of the note, less the forfeiture fixed by the statute"

—and:

"From our investigation of the authorities, it appears the courts uniformly hold a debtor can defend against the payment of any interest, either legal or usurious, in a suit on a note on which usurious interest has been charged but not collected, and that to such extent the plaintiff's demand will be reduced"

—and:

"We, therefore, hold that under the first subdivision of section 1005, Rev. Laws 1910, the charging a rate of interest greater than 10 per cent. per annum for money loaned, or upon any evidence of debt, ipso facto works a forfeiture of twice the amount of the interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon, and, following the uniform decisions of other states, under similar statutes, we further hold that, in a suit for the collection of such debt, the debtor may allege and prove such illegal charging of interest or agreement to pay the same, and thereupon it will be the duty of the trial court, by proper holding or instruction, to cause the amount of such forfeiture to be deducted from the amount of the note or other evidence of debt sued on * * *"

—and:

"Applying the law as we understand it to the evidence in this case, we think the defendants in the court below were entitled to have deducted from plaintiff's note double the amount of interest originally charged and added in the face of the note * * *"

—and held:

"In the case first cited, where suit is brought on the note, which includes illegal interest charged or agreed to be paid, the maker of the note may, in his answer, set up the unlawful charge or agreement to pay illegal interest, and the plaintiff will not be allowed to recover judgment for any sum other than the note, less double the amount of the interest charged or agreed to be paid, which the law declares forfeited."

In Garland v. Union Trust Co., 63 Okla. 243, 165 P. 197, a number of mortgages were considered. With reference to what was therein denominated on page 250 as the "Walker" mortgage, the facts were as follows: The mortgage was for $15,750. There were six interest coupons, each in the amount of $787.50, in the total sum of $4,725. The borrower was paid only $15,000. The difference of $750 was found by the court to be interest charged. The total interest charged was $5,475. One of the interest coupons was paid, and this court held that the $750 was interest paid, making a total payment of interest of $1,537.50. This court said:

"It means, in this case, that so far as the interest paid is concerned, twice that must be recovered in a separate action in the

nature of an election of debt, leaving only, as a subject of set-off, twice the remaining interest of 2 years and 6 months charged, or twice $3,937.50, that is, $7,875, which, deducted from the principal debt of $15,750, leaves $7,875, for which the mortgage should be foreclosed, plus 10 per cent. of that amount for an attorney's fee, since defendants assign as error that plaintiffs should not have been allowed any attorney's fee at all."

Therein this court directed that the deduction be made from the amount which the borrower had agreed to pay and not from the amount which the borrower had received from the lender. To the same effect is the decision of this court in McKanna et al. v. Thorne, supra.

In Daniels v. Bunch, supra, the action was for judgment on a promissory note in the sum of $350 and an interest coupon note in the sum of $10.50. The trial court had rendered judgment for the plaintiff for $131.-96, after having credited the defendant with double the amount of interest paid. This court, after reviewing the authorities, held that the defendant should not have been credited with anything for interest that had been paid, and that since only $10.50 of the interest charged had not been paid, the defendant should have been credited with only $21. The cause was remanded with directions to the trial court to proceed in accordance with the opinion. The language of the opinion clearly indicates the direction of the trial court to credit the defendant with the sum of $21 on the claim of the plaintiff of $360.50. That case came to this court again and is reported at 98 Okla. 47, 223 P. 841. In the opinion this court stated that the amount found by the trial court "is conceded by the parties to be correct." The plaintiff contended that she was entitled to interest after maturity at the rate of ten per cent., and if not at the rate of 10 per cent., then at the rate of 6 per cent. The defendant contended that no interest should be allowed after maturity and that no attorney's fee should be allowed. This court said:

"(b) According to the weight of authority, under a statute such as ours, making the effect of usury merely a forfeiture of interest (in double the amount thereof), such usury does not taint a collateral provision of the contract providing for the recovery of a reasonable attorney's fee. 39 Cyc. 990"

—and held that the judgment should bear interest at the rate of 6 per cent. per annum and that the judgment of the trial court

should have been in the sum of $329, plus a reasonable attorney's fee, the judgment to bear interest at the rate of 6 per cent. per annum from its date. It is not disclosed by the opinion what the decision would have been had the parties not conceded that the amount of $329 found by the trial court was correct. We are inclined to think that the court would have applied the rule stated by it and which we have quoted, which is, that under our statute the effect of usury is merely a forfeiture double the amount of the interest charged, that is, forfeiture of all the interest charged and an additional amount equal thereto.

Under the constitutional provision there was a forfeiture of the entire interest which the note, bill, or other evidence of the debt carries with it, but no part of the principal was forfeited. Union Savings Ass'n v. Cummins, supra. When that provision was changed to provide for the forfeiture of twice the amount of interest which the note, bill, or other evidence of the debt carries with it, there was no change in the meaning of the word "forfeiture," and thereafter there was a forfeiture of the entire interest which the note, bill, or other evidence of the debt carries with it, or which has been agreed to be paid thereon, and an equal amount, but it cannot be said that by that change the Legislature intended to provide for a forfeiture of the entire interest which the note, bill, or other evidence of the debt carries with it or which has been agreed to be paid thereon and twice that amount.

When the provisions of the 1916 act, supra, are construed together and applied to the facts in the case at bar, we must hold that the defendant is liable to the plaintiff for the full amount which he agreed to pay, including interest and the agreed attorney's fee, and the plaintiff is liable to the defendant for twice the amount of the interest which the defendant agreed to pay in the transaction, including a reasonable attorney's fee.

The trial court was in error when it canceled the note sued upon and rendered judgment in favor of the defendant for twice the amount of the interest which the defendant had agreed to pay. It should have rendered a judgment for the defendant for twice the amount of interest which the defendant had agreed to pay, less the amount of the note sued upon, including the interest thereon, and attorneys' fees should have been allowed to both parties.

The judgment of the trial court is re-

versed and the cause is remanded, with directions to enter judgment in conformity herewith.

LESTER, C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and CULLISON, JJ., dissent.