Charlie Claud STEWART, Plaintiff In Error,

v.

Maurice SEIGLE, Defendant In Error.

No. 36166.

Supreme Court of Oklahoma.

Sept. 14, 1954.

C. R. Thurwell, Tulsa, Wm. O. Leach, Duncan, for plaintiff in error.

C. C. Wilkins, Marietta, J. P. Speer, Duncan, for defendant in error.

WELCH, Justice.

The plaintiff sued the defendant to quiet title to real estate. In petition filed February 12, 1947, the plaintiff alleged his ownership and possession of certain described real estate claimed under and by virtue of a tax deed executed and filed for record in February, 1946. The defendant was constructively summoned in the case. On December 31, 1948, a judgment was entered, quieting the title to the property in the plaintiff. In May, 1951, the defendant filed application to open and vacate the judgment, and tendered an answer in the case. The judgment was vacated and the defendant's answer was filed. In said answer the defendant made a general denial of the allegations in the plaintiff's petition, and averred that plaintiff's tax deed is void for certain stated reasons, and that plaintiff has never been in possession of the property, and that said property is a part of the property allotted to the defendant as a Chickasaw Indian under allotment patent issued to him on March 2, 1908, and that defendant since said date has been in possession of said property. The defendant prayed that said tax deed be cancelled and held for naught. In subsequent amendments to pleadings the parties each asserted the bar of the statute of limitations against the other. Reference was to the limitation provided in 12 O.S.Supp.1947 § 93, and as amended Laws 1949, and now 12 O.S.1951 § 93.

At trial the plaintiff introduced his tax deed with testimony to the effect that the property does not appear to have ever been occupied by anybody. The defendant presented a demurrer to the plaintiff's evidence.

The defendant testified that the property involved was allotted to him as a member of the Chickasaw Tribe of Indians, and that he had never sold, transferred or conveyed any part of it; that he had never lived on it; that it practically laid out ever since he had it; that he could not recall that he had ever received any rent on it; that at various times he had executed oil and gas leases covering the property.

The trial court specifically made no finding in reference to the validity or invalidity of the tax deed, and made a finding that the property involved is vacant and unoccupied property. The court, with reference to 12 O.S.1951 § 93, held that the defendant is barred from contesting the validity of the plaintiff's tax deed by reason of its recordation for more than five years before the defendant's answer was filed. Judgment was entered to the effect that the plaintiff's title to the land and right to possession be quieted against the defendant.

Since the rendition of the aforesaid judgment, in other appealed cases, this court has held:

"When land has been sold for taxes and the tax deed purchaser seeks to rely on the statute 12 O.S.1951, § 93 to create a title by prescription or to bar an effort of the owner at time of tax sale to show the tax sale was void, such purchaser must show recordation of tax deed and occupancy of the premises, both for the period of five years provided by such statute." Williams v. Bailey, Okl., 268 P.2d 868, 869; Sarkeys v. Scott, Okl., 269 P.2d 779.

See, also, Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058, and Woods v. Phillips Petroleum Co., 207 Okl. 490, 251 P.2d 505.

▊▊ Herein, the plaintiff admitted that neither he nor any privy of his had ever been in the actual possession of the property described in his tax deed. The bar of the statute, 12 O.S.1951 § 93, as pertains to real property sold for taxes, is against an action for the recovery of the property, and does not afford any relief to a tax deed holder never in possession, but might be asserted against a tax deed holder not in possession. The plaintiff, without an occupancy of the property in any period of time, could not have acquired prescriptive title. Accordingly, a judgment for the plaintiff, resting on an application of the statute of limitations against the defendant, was unwarranted.

Without possession, the plaintiff's suit to quiet title was unauthorized unless joined with an action to recover possession. 12 O.S.1951 § 1141.

In petition the plaintiff alleged possession and ownership and adverse claim of the defendant, and, accordingly stated a valid cause of action to quiet title, but on trial, with admission of the plaintiff that he was never in possession, and without joinder with action for possession, his action to quiet title was then unauthorized and not sustainable.

▊ The record reflects the admission of non-possession of the plaintiff, and also that a motion of the plaintiff to amend his petition to allege the property was vacant and unoccupied, was made more than five years after the date of the recording of his tax deed under which the plaintiff claimed ownership. At such time, more than five years after recordation of the tax deed, and the plaintiff never having been in possession, any action of the plaintiff for the recovery of the property was barred under the terms of 12 O.S.1951, § 93. The statute provides:

"Actions for the recovery of real property * * * can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter.

\* \* \* \* \* \*

"(3) An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed."

Under the state of the plaintiff's pleadings and as affected by the circumstances in proof, the defendant's demurrer to the plaintiff's evidence and pleadings should have been sustained and the plaintiff's action dismissed, as being outside the limits of statutory authority.

The plaintiff contends that, independent of statute, an action to quiet title by one not in possession may be maintained where the property is not in actual possession of any one, and that a court in its equity power is authorized to grant relief.

▊ We have held that one who holds the legal title to land, though not in possession, may, independently of the statute, maintain a suit in equity to remove a cloud from the title to the land, when the same is not in the actual possession of any one. Levindale Lead & Zinc Mining Co. v. Fluke, 48 Okl. 480, 150 P. 481. This, under the doctrine that courts in their equitable power, will grant relief on the principle that a deed or other instrument or proceeding merely constituting a cloud on the title to property may be used to injuriously or vexatiously embarrass the true title holder, and when a party out of possession holds the legal title under such circumstances that the law cannot furnish him adequate relief, his resort to equity to have a cloud removed ought not to be questioned because he may be out of possession, or the land is unoccupied. The gravamen of the relief sought and given in such cases is the reformation or cancellation of records, or the execution of releases or correction deeds, and possession or right to possession is not a necessary incident to the relief sought and granted.

▊ Herein, the plaintiff, without possession, sought to have his title confirmed and quieted, and the only relief as a necessary incidence was a restoration of possession or a determination of right to possession. The statutes provide an adequate remedy for the recovery of real property

and which he failed to exercise. In the circumstances that the law could furnish him adequate relief and he has failed to pursue his remedy at law and in the manner provided by law, there is no basis for the exercise of the equitable power of a court to hear his suit that is outside the limits of statutory authority.

The judgment is reversed and the cause is remanded with directions that the plaintiff's action be dismissed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON and BLACKBIRD, JJ., concur.

WILLIAMS, J., concurs in conclusion.