IONIC PETROLEUM, LIMITED, an Oklahoma Corporation, Plaintiff in Error,

v.

THIRD FINANCE CORPORATION, an Oklahoma Corporation, and Morris Mizel, Defendants in Error.

No. 40989.

Supreme Court of Oklahoma.

Feb. 15, 1966.

Jack B. Sellers, Sapulpa, John F. Gray, Sapulpa, of counsel, for plaintiff in error.

Frank Robert Hickman, Windell D. Knox, Charles A. Whitebook, Tulsa, for defendants in error.

BERRY, Justice:

This is an appeal upon the original record from a judgment of the trial court sustaining the individual defendant's motion to dismiss, and dismissing the action as to such defendant; and from the order and judgment sustaining the corporate defendant's motion to strike and demurrer to plaintiff's petition, and dismissing plaintiff's petition with prejudice. The appeal evolved from the factual situation hereafter related.

On January 28, 1959, the Illini Oil Company, Inc. executed a promissory note to the corporate defendant. This note was in the principal sum of $55,000.00 payable in 10 monthly installments of $2,500.00, beginning March 1, 1959, and the balance ($27,500.00) falling due on February 1, 1960, with interest thereafter at 10% until paid. The loan was secured by real estate mortgages covering described oil leases located in Pottawatomie County, Oklahoma. This obligation was discharged by a final payment to defendant on February 9, 1960.

May 14, 1963, plaintiff, successor to Illini Oil Company, Inc., sued the named defendants seeking "rescission of a voidable agreement and recovery of money paid to defendants thereunder." The petition charged that in December, 1958, or January, 1959, plaintiff, by its president and managing officer, negotiated a $50,000.00 loan from defendant, acting by and through the defendant Mizel, who was president and general manager; that as a prerequisite and part of such loan agreement defendants required plaintiff to pay Mizel $6,750.00, and at the same time execute the promissory note secured by real estate mortgages mentioned. By reason of these facts defendants received and collected the sum of $11,750.00 for loan and use of $50,000.00 for twelve (12) months and twelve days, which was grossly

in excess of the maximum interest allowed by law under such agreement.

The petition then alleged:

"(7) By reason of said facts the agreement for the loan of said money is and always was voidable as being contrary to public policy. Plaintiff hereby rescinds the agreement and is entitled to judgment against defendants for recovery of all sums paid defendants in excess of six percent per annum on said $50,000.00 or deferred portion thereof for the time said money was used by plaintiff, to-wit, $9,506.06, plus interest thereon at six percent per annum from date of overpayment to defendants until the sums overpaid are repaid to plaintiff, plus plaintiff's reasonable attorney fee incurred herein in the sum of $9,-506.06, and costs of this action."

Plaintiff asked for joint and several judgment against defendants for $9,506.06, the alleged amount of overpayment, with interest at the rate of 6% from date of overpayment until paid. The petition also prayed for allowance of reasonable attorney fee and costs.

Following disposition of preliminary motions defendant Mizel filed Motion to Dismiss upon the ground of improper joinder, in that the purported causes of actions could not be maintained in one action. Alternatively, defendant requested that plaintiff be required to state whether defendant, in return for consideration paid, co-signed plaintiff's note and thereby became obligated upon the indebtedness. The motion also asked that allegations relative to amount of interest charged, and pleas to rescind be stricken for reason defendant received none of the proceeds of the note, which showed upon its face same was not usurious; and, that allegations relative to attorney's fee be stricken because not recoverable.

The corporate defendant filed motion to strike and demurrer to the petition. The motion to strike asserted the plea for rescission of the contract and recovery of money paid defendants was improper for the reason the contract neither was voidable nor subject to rescission under the Constitution or statutes, and such allegations constituted no part of any cause of action. The demurrer urged misjoinder of parties and purported causes of action; assuming truth of facts properly plead and inferences therefrom, no cause of action was stated; that constitutional and statutory provisions for recovery of usury are exclusive, but if a cause of action therefor was stated same was barred by limitations, not having been brought within time established as condition precedent for such action under Constitution, Art. XIV, § 3 and 15 O.S.1961, § 267.

Upon hearing the trial court sustained the individual defendant's motion to dismiss for the reason: (1) failure of the petition to plead a prior demand as required by statute; (2) the action had not been filed within two years after maturity of the indebtedness as required by statute.

The trial court likewise sustained the corporate defendant's motion to strike and demurrer for the reason plaintiff's action was not brought within two years after maturity of the indebtedness as provided by the Constitution and statutes. The court further found that the attorney for each defendant was entitled to $500.00 as a reasonable attorney's fee. Plaintiff elected to stand upon the petition filed.

Judgment thereafter was entered sustaining defendant's motion to dismiss and dismissing the petition with prejudice. The combined motion and demurrer of the corporate defendant likewise was sustained and the petition dismissed with prejudice. Judgment was entered for the reasonable attorney's fee in favor of each defendant. Motion for new trial was overruled and plaintiff perfected this appeal.

The theory of plaintiff's petition, and which underlies the claim for reversal of the trial court's judgment, is that this was not an action to recover for usury and no relief was sought under the penal provisions of the usury statutes. Rather, according to

plaintiff, the action only sought rescission of that part of the contract which was void and prohibited by law, and to recover the amount of money paid illegally thereunder. The argument in support of plaintiff's position is advanced under three propositions, but determination of the issues does not require each to be considered separately. Plaintiff first contends those provisions of a contract for loan of money which extracts illegal interest, although not rendering the whole contract void, are prohibited by law and void and thus support a cause of action for money unlawfully extracted by the creditor. The questions arising under such proposition are determinative of the appeal.

The argument is that where a party contracts to do an act prohibited by law the aggrieved party has different remedies whereunder "the substantive and procedural provisions are different, cumulatively provided and alternately available." First, the aggrieved party may refuse to pay and when sued assert the defense of usury. Second, the aggrieved party may bring an action within two years, seeking the specific relief provided under the usury statute, 15 O.S.1961, § 267. Third, the aggrieved party may rescind the contract by proper action and seek return of the money illegally extracted without reliance upon the penalties provided in the usury statute.

Plaintiff says that, having proceeded upon the third alternative the applicable statute of limitations must be the 5 years provided under 12 O.S.1961, § 95. We consider it noteworthy plaintiff's claim that an illegal rate of interest was charged and received under this contract necessarily is derived from reliance upon the provisions of 15 O.S.1961, §§ 266, 267, the usury statutes which plaintiff contends are not applicable herein. Having concluded that an illegal rate of interest was extracted by defendants under the contract plaintiff then declares the contract provisions which accomplished this are void and against public policy. Upon this tenuous argument plaintiff concludes the contract provisions relative to charging interest were void, and gave rise to a cause of action for rescission of the illegal provisions of the contract and recovery of money paid to defendant thereunder.

Generally cancellation or rescission of a written instrument are one and the same remedy, and a suit to rescind cannot be differentiated from a suit to cancel or annul the contract. Although facts which necessitate resort to the equitable remedy of rescission usually provide grounds for a legal action or defense, rescission ordinarily is within the exclusive jurisdiction of equity and, because controlled by equitable principles is a remedy which can be conferred by equity alone. See generally 12 C.J.S. Cancellation of Instruments § 1 et seq. In State Life Ins. Co. etc. v. Ussery, 180 Okl. 337, 69 P.2d 43, we held that under our code provisions (12 O.S.1961 §§ 10, 151, 262–264) prosecution of a separate equitable action for rescission prior to prosecution of an action for law is unnecessary. But, it is essential that a right to the equitable remedy be clearly established before an action at law can proceed. And, it is a fundamental principle that equity will not exercise jurisdiction to cancel a contract when the complainant has a plain, adequate and complete remedy at law either by way of action or defense. 12 C.J.S. Cancellation of Instruments § 8. Such principle provides the rule stated in syllabus 2 of Stewart v. Seigle, Okl., 274 P.2d 395:

> "In circumstances where the law could furnish adequate relief and one has failed to pursue this remedy at law and in the manner provided by law, there is no basis for the exercise of the equitable power of the court to hear his suit which is outside the limits of statutory authority."

The question then is whether plaintiff had an adequate and complete remedy at law. Our Constitution, Art. XIV, § 3, provides:

> "The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section,

when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm, or corporation taking or receiving the same, in an action in the nature of an action of debt, twice the amount of the interest so paid: Provided, such action shall be brought within two years after the maturity of such usurious contract: Provided, However, That this section may be subject to such changes as the Legislature may prescribe."

By statute, 15 O.S.1961, § 266, ten percent (10%) is the maximum legal rate of interest which may be charged or received under contract. The penalty for charging, taking or receiving interest at a greater rate than specified by § 266, supra, is declared by § 267:

"The taking, receiving, reserving or charging a greater rate of interest than is provided by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving the same in an action in the nature of an action of debt twice the amount of the entire interest paid; provided, that such action shall be brought within two years after the maturity of such usurious contract; provided further, that when any suit is brought upon any note, bill or other evidence of indebtedness or to foreclose any mortgage or lien given to secure such indebtedness when a greater rate of interest has been collected, reserved, charged or received than is provided for in this act,

the defendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged or received in said transaction, or in all such transactions between the same parties."

In the early case of Anderson v. Tatro, 44 Okl. 219, 144 P. 360, our Court considered the construction of § 3 of the Constitution, supra, with regard to the argument that although the proof in the case was not sufficient to bring the action within the provision, nevertheless it was sufficient to support a common law action. In the body of the case it was said:

"* * * but under said section the debtor is given the right to sue for and recover twice the amount of interest paid from the person taking or receiving the usurious interest, this creates a new right, not known at common law, and declares the remedy, and under these provisions the debtor can resort to no other form of redress or mode of procedure, those granted by the Constitution being exclusive." (citing authorities)

In Stockyards State Bank v. Johnston et al., 52 Okl. 32, 152 P. 585, the Court had for determination the issue whether a mortgage given to secure note bearing a usurious rate of interest was void. Noting that since usury was unknown to the common law, but was solely a creature of the statute (now § 267, supra,), it was held that this statute made the person guilty of extracting usury liable for the penalties prescribed thereby. But, this liability did not render the contract void unless the penalties exceeded the amount due under the contract. After reviewing earlier decisions the Court concluded:

"From the foregoing decisions we conclude that it is the settled law of this state that, even where there is usury apparent upon the face of the petition and the contract sued on, or in either, this fact will not render the note and mortgage sued on void, but oper-

ates to subject the person exacting such usury to be mulched in certain penalties and forfeiture allowed by statute, but before the party can avail himself of the benefit of the same, it must be affirmatively claimed by the person entitled thereto; and unless the contract divulges the same on its face, the burden of proof also rests on the party claiming the penalty to prove the charge of usury."

The Court then laid down these rules in syllabus 1 and 4:

"The statute of this state does not make a contract, tainted with usury, absolutely void.

"The defense of usury is a privilege extended by the statute which can either be claimed or waived, and in order to be available to those who desire to claim the privilege extended, it must be specifically pleaded, and, if not so pleaded it will be deemed as waived."

In Richardson v. Barnhart, 160 Okl. 246, 16 P.2d 98, it was reasoned that inclusion of specific penalties in the usury statutes precluded a construction that the Legislature intended contracts in violation of such statutes to be absolutely void. And, neither in the Constitution nor the usury statutes is there any provision which avoids the debt, and the language used is not susceptible of any such construction.

■ Without further citation of authority or elaboration of discussion, we conclude that a contract allegedly tainted with usury is not absolutely void as contended by plaintiff. Further, the exclusive remedy afforded a debtor under the Constitution and statutes, supra, requires resort to one of the two modes of relief specified. Since a debtor is afforded means for complete relief from a usurious contract by an adequate remedy at law, there is no basis for an action which seeks to invoke the equitable power of rescission of a contract for loan of money. Stewart v. Seigle, supra.

■ Having determined that the present action was improperly brought, it is un-

necessary to discuss the effect of plaintiff's failure to allege demand upon the defendant prior to bringing the action. The trial court correctly found the statutory remedies for relief from a usurious contract were exclusive, and that under the positive requirement of § 267, supra, such action had to be brought within two years.

There is no merit to the argument that, having attempted to seek relief by a purported action for rescission of a contract, the applicable statute of limitations was either five years or three years prescribed under 12 O.S.1961, § 95(1) or (3).

■ These matters appeared upon the face of plaintiff's petition. For such reason it is unnecessary to deal separately with the argument that the trial court erred in sustaining defendants' motions and demurrers, since the pleadings were required to be construed liberally in favor of the pleader, and when so construed alleged facts sufficient to state a cause of action. Although a demurrer to the petition admits all facts well pleaded and inferences legally drawn therefrom, it also is true that such demurrer raises an issue of law as to the legal sufficiency thereof. And, when the plaintiff is not entitled as a matter of law to recover under the facts alleged a demurrer to the petition properly is sustained. Roberts v. Barclay, Okl., 369 P.2d 808.

■ The remaining issue involves correctness of the trial court's judgment allowing each defendant's attorney an attorney's fee. Plaintiff argues the action was not brought to recover the penalty prescribed under § 267, supra, hence the trial court erred in awarding attorney's fees. In an obvious effort to avoid the bar of limitations plaintiff attempted to plead an action for rescission of the contract, upon the ground certain provisions were void. But, such claim of illegality allegedly inhering in the contract was based solely upon the statutes (§§ 266, 267) declaring what acts done in the loan of money constitute usury and providing exclusive remedy therefor. Thus it is apparent plaintiff relied upon the

usury statutes as a basis for the claimed violation of his contractual rights, but sought to fix the nature and extent of his remedy in regard thereto simply by the form of action. Plaintiff cannot accept part of the provisions of a statute and refuse to accord significance to the remedy therein provided. Plaintiff sought to recover money judgment against defendants for alleged extraction of an illegal rate of interest. Defendants were required to defend against such claim. Under 15 O.S. 1961, § 268, where an action seeks to recover the penalty for usury the prevailing party is entitled to judgment for a reasonable attorney's fee. That the plaintiff sought to sue for a claimed breach of contract and recover a lesser amount than the penalty provided under the usury statutes did not remove the basic fact that the attempted recovery sought to establish a penalty. The trial court properly rendered judgment for attorney's fees.

Judgment affirmed.