Paul W. REEVES, Plaintiff in Error,

v.

FIRST STATE BANK, Jones, Oklahoma, a Corporation, Defendant in Error.

No. 42281.

Court of Appeals of Oklahoma
Division No. 20.

Dec. 2, 1969.

Erwin & Erwin, Chandler, for plaintiff in error.

Leslie L. Conner, James M. Little, Leslie L. Conner, Jr., Oklahoma City, for defendant in error.

McINERNEY, Presiding Judge.

This is an appeal challenging the sufficiency of the amount forfeited as usury under a contract for the loan of money.

First State Bank of Jones, Oklahoma sought to recover a balance due on a note after default of a monthly payment, and to foreclose the security interest. The trial court held that the note was usurious. Judgment was entered by direction to the jury in favor of the Bank for the unpaid balance of the face of the note, less twice the amount of interest charged for the loan. Possession of the security was given to Bank, and Reeves appeals.

Bank loaned Reeves $3,000.00 for the purchase of an automobile. Reeves signed a note for $3,669.84, payable in 36 installments of $101.94. The face amount of the note included the loan of $3,000.00, the premium for credit life insurance of $110.-10, and interest for the 36 month period of $559.74. Reeves made two monthly payments, reducing the balance to $3,493.95, and defaulted. Bank brought suit for $3,-493.95 and replevined the automobile.

Reeves answered alleging usury and counter-claimed for damages. Various sums were alleged to be due in addition to twice the amount of the interest included in the face of the note, and these additional sums sought form the basis of the appeal.

At the conclusion of the evidence presented to a jury, the court held, as a matter of law, that the note provided for the collection of usurious interest. The jury was directed to return a verdict for Bank in the amount of $2,346.47 and an attorney fee of $250.00 on the first cause of action, and for possession of the automobile to Bank on the second cause of action. The judgment awarded Reeves $350.00 as an attorney fee. Bank has not appealed.

The evidence discloses that Bank charged Reeves $559.74 as interest on a $3,000.00 loan for the 3 year term of the loan. The total amount of principal and interest was made payable in equal monthly installments for the full loan period, with no allowance for the reduction of the principal by reason of the installment payments. A similar contract was held usurious in Hollamon v. First State Bank of Stroud, Okl., 389 P.2d 352 (1963).

Suit was brought against Reeves for collection of the unpaid balance of the note on default of his third monthly payment. The face amount of the note included the interest charged for the full loan period. Under these circumstances, the petition alleged, and the evidence disclosed, a contract for the collection of usurious interest. The penalty provided by 15 O.S.1961, § 267, since repealed, for usury is a forfeiture of twice the amount of interest which has been agreed to be paid on the note. Reeves agreed to pay $559.74 as interest. The penalty under the cited statute is a forfeiture of $1,119.48.

Reeves is entitled to a set-off in the sum of $1,119.48 against the amount due on the note. McNeal v. Truesdell, 167 Okl. 602, 32 P.2d 68 (1934); Richardson v. Barnhart, 160 Okl. 246, 16 P.2d 98 (1932). The sum of $3,493.95 was due on the note.

After deducting $1,119.48, and $28.00 improperly added on the note for collision insurance, without Reeves' consent, the balance due Bank is $2,346.47, the amount of the judgment.

The parties stipulated that the court could fix the attorneys' fees. The stipulation precludes argument directed to the amount set pursuant to the stipulation. 15 O.S.1961, § 268 does not permit an additional attorney fee to be awarded for an appeal. National Credit Co. v. Franklin, 177 Okl. 417, 60 P.2d 744 (1936).

Reeves argues three propositions in his brief. The first proposition is directed to the provisions in the note permitting a "late charge" to be assessed on installments not paid when due, the acceleration on default with an increased interest on the balance then due, and the attorney fee to be paid if placed in the hands of an attorney for collection. These provisions relate to a failure to pay an installment on time rather than to the use of the money. It is not necessary to determine if these provisions would be tainted with usury under the record presented here.

No "late charge" or additional interest after acceleration were assessed and collected. An agreement in the note to pay an attorney's fee, where, as here, the amount awarded is reasonable, is permissible, Letcher v. Wrightsman, 60 Okl. 14, 158 P. 1152 (1916), and may be awarded pursuant to the contract even though the note is usurious. Driver v. Tolstornog, Okl., 358 P.2d 1108 (1960); McNeal, supra; Richardson, supra.

The interest charged for the use of the money in this case remains $559.74. A contingency under the borrower's control exists whereby an additional sum may be collected. In the absence of assessment or collection, since the proviso is not absolute but conditional with the borrower, we hold that the challenged provisions do not come within the scope of 15 O.S.1961, § 267. We will not presume or infer usury on a theory that the contingent provisions are susceptible to usury. Freed-Goodall

Furniture Co. v. Morris Plan Co. of Oklahoma, 194 Okl. 556, 152 P.2d 902 (1943).

This determination is based on this record only. We do not hold that a scheme may not be devised, or exist, whereby similar provisions could be tainted with usury. When the penalty provisions relating to "late charges", and the increased rate of interest on acceleration result, in fact, in the *payment* of a greater sum to the lender for the use of the money than permitted by statute, a different question is presented.

The second proposition argued by Reeves seems to be based on the theory that the $1,119.48, found to be the penalty for usurious interest, should be applied to the monthly installments when due and prevent acceleration of the balance on default. The contention is urged without citation of appropriate or applicable authority.

15 O.S.1961, § 267 provides for a set-off against the *balance* due on the note. The balance due on default of a payment is arrived at by acceleration of the payments thereafter to become due. The contract, tainted with usury, is not void. Ionic Petroleum, Limited v. Third Finance Corp., Okl., 411 P.2d 492 (1966). Relief from usury is granted in a gross amount to be deducted from the unpaid balance due on the note after acceleration. No provision is made in the statute for reactivation of the note, and the subsequent payment of the installments from the amount forfeited as usurious interest.

It follows that the judgment for the unpaid balance of the note is correct, and the security interest was properly foreclosed, with the amount received thereby to be applied on the unpaid balance of $2,346.47.

The last proposition is basically a reiteration of the first, with the suggestion that the case should have been submitted to the jury. There is no conflicting evidence to be presented to a jury, only conflicting conclusions of law to be determined from the undisputed evidence. There being *no* question of fact for determination, the case was properly withdrawn from consideration by the jury.

The judgment of the trial court is affirmed.

SIMMS and NELSON, JJ., concur.