McNEAL v. TRUESDELL et al.

No. 20890. March 20, 1934.

Dissenting Opinion March 27, 1934.

Morse Garrett, for plaintiff in error.

Carter Smith, for defendants in error.

BUSBY, J. In this case plaintiff in error,

plaintiff below, filed suit to foreclose a chattel and real estate mortgage executed by defendants in error, defendants in the trial court. For the sake of convenience the parties will be referred to as they appeared in the trial court.

For answer to plaintiff's petition defendant filed answer and counterclaim alleging that usurious interest was charged and reserved in the contract. The case was tried to the court and resulted in favor of the defendants on their counterclaim for usury, and judgment entered for the plaintiff in the total sum of $195.

The trial court found, and the record substantiates the finding, that the defendants received from the plaintiff $2,100 at the time the loan in question was consummated. Defendants executed, however, 24 notes in the sum of $100 each, due monthly, and one note for $150. The total amount of the mortgage and notes was $2,550, due in 25 monthly payments. The notes provided for 8 per cent. per annum interest from date. The trial court found correctly that $450 had been charged as a bonus for the loan, and that such sum was in fact an additional interest charge, and that this sum when added to the interest provided in the note made the interest charge in excess of 10 per cent. and rendered the contract usurious. At the time the trial court rendered judgment there was accrued the sum of $225 interest on the amount then due, as defendants had paid the first four notes. The trial court found correctly that defendants were entitled to double the amount of the $675 usurious interest charged as a counterclaim and set-off. This entitled defendants to a credit of $1,350 on the contract. The only question to be determined is whether or not this $1,350 should be deducted from the amount of money actually borrowed, to wit, $2,100, or from the amount of the contract, $2,550. This involves a construction of sections 9519 and 9520, O. S. 1931. This question is settled by this court in the case of Richardson v. Barnhart et ux., 160 Okla. 246, 16 P. (2d) 98, which case is squarely in point, the rule of law being announced as follows:

"In an action on a promissory note in which the defendant enters a plea of usurious interest charged but not paid, the plaintiff is entitled to judgment for the full amount contracted by the defendant to be paid to the plaintiff, and, as a set-off thereto, the defendant is entitled to a judgment for twice the amount of the entire interest collected, reserved, charged, or received in the transaction, each party being entitled to an

attorney's fee as provided by the statute and contract."

The trial court fixed the attorney's fee which plaintiff was entitled to recover in the sum of $95, and the attorney's fee which defendant should recover in the sum of $250. Computation of the balances between plaintiff and defendant would be approximately as follows: Total due plaintiff by defendant on the contract, $2,150, after crediting the $400 paid. From this $2,150 there should be deducted $1,350 usurious interest charged, plus $250 attorney's fee, or a total of $1,600. This leaves a balance due plaintiff by defendant in the sum of $550, but the plaintiff is entitled also to $95 attorney''s fee, leaving a net balance due plaintiff in the sum of $645, instead of $195, as found by the trial court. The trial court erred in deducting the penalty from the amount of money actually received, to wit, $2,100, instead of deducting the same from the amount of the contract, to wit, $2,550. To adopt the view of the trial court would in effect penalize the lender for approximately three times the amount of the interest charged or reserved instead of double the amount of the interest charged or reserved as provided by the statute. A triple penalty was not the intent of the statute. But this question was discussed, analyzed, and passed on in the case of Richardson v. Barnhart, supra. We see no reason for another extended discussion of the same subject in this opinion, inasmuch as we arrive at the same legal conclusion.

There are other errors assigned in the briefs, but in view of the decision reached herein we do not feel it necessary to discuss the same. The judgment of the trial court is modified to conform to the views herein expressed, and as so modified is affirmed. All costs to be assessed against the defendant.

SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., and CULLISON, V. C. J., dissent.

---

CULLISON, V. C. J. (dissenting). For convenience we adopt in part the statement of the case set out in the majority opinion of the above-entitled action.

Defendants alleged in their counterclaim that the notes sued on were tainted with usury and sought to recover double the amount of usurious interest received, reserved, or charged on said notes with reasonable attorney's fee.

The trial court found that the contract was tainted with usury in the amount of $675, which sum was composed of $450 excess, bonus, or usurious interest, added to the actual amount received by defendant. The trial court rendered judgment in favor of plaintiff and against defendants in the sum of $195.

It should be remembered that the plaintiff appeals to this court and presents three errors:

(1) "That the judgment is contrary to the law and the evidence.

(2) "That his demurrer to defendants' evidence on the counterclaim should have been sustained."

(3) "That if this court should sustain the finding that the contracts were tainted with usury, nevertheless the trial court erred in computing the amount recovered under the counterclaim."

We deem it unnecessary to discuss the first and second assignments of error.

The trial court found, and it is admitted and held by the majority opinion:

(1) That the actual amount of money received by defendant was $2,100.

(2) That the $450 added to the amount actually received, as shown by the $2,550 note sued on, is usury, illegal interest, or excess, by whatever name it may be called.

(3) That double the amount of usurious interest taken, reserved, collected, or charged by the lender may be recovered by the borrower, as provided by the law.

(4) That it is agreed by the attorneys of both plaintiff and defendants that the amount of $225 taken, received, reserved, or charged by plaintiff as interest on the 25 promissory notes sued on is usurious interest and that the amount ($225) so found by the court to be usurious interest is the correct amount of interest charged by plaintiff on the 25 installment notes sued on.

(5) That the aggregate amount of usurious interest, charged by the plaintiff and found by the trial court to be $675 is the correct amount of usurious interest and that double that amount is $1,350.

The above facts having been admitted by the majority opinion, we are to discuss the third and last contention of plaintiff. Plaintiff in his third assignment of error, supra, says:

"That if this court should sustain the finding that the contracts were tainted with usury, nevertheless the trial court erred in computing the amount recovered under the counterclaim."

It is agreed there is but one question in

the instant case for determination, viz., whether the amount of usurious interest taken, received, reserved, or charged should be deducted from the contract (note) sued on, or from "the exact amount of money received from the lender."

The majority opinion holds that the trial court erred in deducting the entire amount of usurious interest charged from the actual amount received by the borrower. It is said in the opinion:

"This question is settled by this court in the case of Richardson v. Barnhart et ux., 160 Okla. 246, 16 P. (2d) 98, which case is squarely in point."

The court in the majority opinion feels "that it is unnecessary to discuss the constitutional or statutory provisions of our usury law relating to the charging, collecting, receiving, or reserving usurious interest." A careful reading of the majority opinion will surely convince the reader that the constitutional or statutory provisions were never considered.

The court having held the Richardson v. Barnhart Case to be squarely in point, and having cited no law (except the Richardson v. Barnhart Case), in support of the only question involved, we are compelled to review the Richardson v. Barnhart Case and determine whether or not it is squarely in point.

We will not, in reviewing said case, burden this court with a detailed review of everything therein stated. We can only give attention to that which seemingly is suggested by the writer to prove his contention:

"That usurious interest, which has been charged, collected, received, or reserved, should be deducted from the contract."

We think it can be said without fear of contradiction there is not a provision in our Oklahoma statutes nor a decision of this court cited in the Richardson v. Barnhart Case, which, when properly interpreted, upholds or supports the holding in the Barnhart Case.

We concede that the Richardson v. Barnhart Case is rich in suggestions and reported opinions in support of the contention therein made, to wit, "usurious interest should be deducted from the amount expressed in the contract," but, as we view the case, the suggestions and opinions cited in said opinion are inapplicable and in no wise support or lead to the conclusions therein reached, nor do they tend to prove the issue in this case.

The majority opinion is predicated wholly upon paragraph 4 of the syllabus in Richardson v. Barnhart, which reads as follows:

"In an action on a promissory note in which the defendant enters a plea of usurious interest charged but not paid, the plaintiff is entitled to judgment for the full amount contracted by the defendant to be paid to the plaintiff, and as a set-off thereto the defendant is entitled to a judgment for twice the amount of the entire interest collected, reserved, charged, or received in the transaction, each party being entitled to an attorney's fee as provided by the statute and contract."

The first part of syllabus 4 reads in part:

"In an action on a promissory note in which the defendant enters a plea of usurious interest charged but not paid, the plaintiff is entitled to judgment for the full amount contracted by the defendant to be paid to the plaintiff. * * *"

The above holding suggests two propositions, viz.: (1) "Interest charged but not paid;" and (2) "plaintiff is entitled to judgment for the full amount contracted by defendant to be paid to plaintiff." We will discuss these propositions in their reverse order. This subject is stated more plainly in the Richardson v. Barnhart Case, as follows:

That usurious interest, which has been charged, collected, received or reserved, shall be deducted from the contract.

The sole question to be determined in the instant case is:

"Shall the penalty (twice the amount of usury collected) be deducted from the note or from the amount of money received by the borrower?"

Section 5099, C. O. S. 1921, reads in part:

"Any contract for the loan of money. where the rate of interest taken, received, reserved, or charged is greater than the rate as declared in section 1004 of the Revised Laws of Oklahoma 1910, may be liquidated in the following manner: On the date such contract falls due, or at any time before suit for the collection thereof is instituted, the payor, his agent, attorney, or legal representative. may tender to the holder thereof the exact amount of money received from the lender. * * *"

It will be observed from a careful reading of said statute that if the borrower desires to liquidate a usurious contract signed by him, he may

"On the date such contract falls due, or at any time before suit for the collection thereof is instituted, * * * tender to the holder thereof the exact amount of money received from the lender, * * * and the acceptance or final rejection thereof shall constitute and be a full and complete satisfaction of such indebtedness. * * *"

Can words be plainer than those contained in the statute, viz., "* * * the payor, his agent, or attorney, * * * may tender * * * the exact amount of money received from the lender? * * *"

No provision can be found in the Oklahoma statute which provides that the borrower shall tender to the lender the full amount expressed in the note, which is shown on its face and is admitted to be a usurious contract.

Section 5099, supra, further provides:

"If no such tender as heretofore provided has been made and suit is instituted in a court of competent jurisdiction for the collection thereof, the payor, his agent, attorney or legal representative may, at or before the time he is required to plead, deposit in the court the exact sum of money received on said contract, * * * provided, this section shall not be construed to prevent the debtor from bringing his action on cross-petition (if he has been sued), or in an original suit to recover twice the amount of the interest charged or paid in said contract sued upon."

### "Contract."

Our attention has been called to the use of the word "contract," in section 5099. It is contended that the use of the word "contract" therein indicates the intention of the Legislature to provide that usurious interest should be deducted from the promissory note or contract sued on and not from the exact amount of money received by the borrower. When one contracts to loan money he impliedly agrees not to charge more than the legal rate of interest, but when he resorts in some degree to subterfuge in order to collect illegal interest, he is deemed to have committed an actual fraud upon the borrower.

Section 4999, C. O. S. 1921:

"Undue influence defined. Undue influence consists:

"First. In the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him.

"Second. In taking an unfair advantage of another's weakness of mind; or,

"Third. In taking a grossly oppressive and unfair advantage of another's necessities or distress."

Section 5100, C. O. S. 1921:

"Any person, firm or corporation violating the provisions of this act * * * taking, reserving, charging or receiving any usurious interest on any note, bill or other evidence of debt * * * shall be liable to the maker of said note, bill or other evidence of debt for double all such interest taken. * * *"

We think it will be conceded that the words "contract," "bill," and "note," as used in the statute relative to the taking of usurious interest, are used synonymously, and that the words "bill" and "note" are regarded only as evidence of the debt in the particular transaction.

It is said in Richardson v. Barnhart, supra; "that the case of Pearson v. Glen Lumber Co., 55 Okla. 280, 160 P. 48, is not controlling, * * *" and the opinion proceeds by citing other decisions to prove the holding in said case is inapplicable. We will later call the attention of the court to decisions claimed in the majority opinion to support the contention that usurious interest should be deducted from the contract sued on.

It is contended:

(1) "That the method of computing a set-off or counterclaim in a case involving usurious interest was not therein an issue."

(2) "The language used by the court therein with reference thereto was not necessary to a determination of the issues presented in that case."

(3) "That the parties to that action in their briefs nowhere discuss that question."

(4) "We call attention to the fact that that decision has not been cited by this court in any decision, and that it is in conflict with other decisions of this court."

We will discuss the above contentions in their numerical order.

### First Contention.

It is said in Richardson v. Barnhart, supra:

"The method of computing a set-off or counterclaim in a case involving usurious interest was not therein an issue."

In Pearson v. Glen Lumber Co., supra, the Justice, in stating the case, said:

"The plaintiffs in error, as plaintiffs below, commenced this action against the defendant in error, as defendant below, to enjoin the defendant from foreclosing a chattel mortgage by advertisement; and asking that the foreclosure be had in a court having jurisdiction of the subject-matter. The facts that are material to a correct determination of this case are that the defendant held the chattel mortgage against all of the personal property of the plaintiffs and had commenced foreclosure by advertisement. The plaintiffs filed their petition in the district court admitting the execution of the note and mortgage, but alleging that a usurious rate of interest had been charged and reserved in the note, and pleaded this as a legal defense against the collection of a part of the amount claimed to be due on the mortgage. The petition was duly verified

and supported by affidavit. * * * Under this showing the county judge made an order enjoining the defendant from foreclosing the mortgage by advertisement and directing that further proceedings for the foreclosure of said mortgage be had in a court having jurisdiction of the subject-matter. * * *

"On May 27, 1913, the district judge entered a judgment and order dissolving the injunction issued by the county judge, on the ground that the judge of the county court was without jurisdiction in the premises. And from this judgment and order the plaintiffs appeal to this court. **We think the court erred in dissolving the injunction, and in not granting the relief prayed for in the petition."**

The court further says:

"And under the showing made by the plaintiffs that usury had been charged and reserved in the note which this mortgage was given to secure, there can be no question that it was the duty of the court to enjoin the foreclosure of the mortgage by advertisement, and direct that all further proceedings for the foreclosure of such mortgage be had in a court properly having jurisdiction of the subject-matter, where the mortgagors might set up their defense and have their rights adjudicated before being deprived of their property. They were entitled to show how much usury had been charged and reserved in this note, and, if they proved the transaction was usurious, to have the amount actually loaned credited with double the amount of interest so charged and reserved."

It will be observed the court, in Pearson v. Glen Lumber Co., specifically holds that:

"* * * The amount actually loaned should be credited with double the amount of interest so charged and reserved. * * *"

In the instant case it is admitted the actual amount loaned was $2,100, and the note which the borrower signed was $2,550, and that $450 of said note is usurious interest.

The court further says:

"That the taking, receiving, reserving or charging a rate of interest greater than that allowed by the preceding section should be deemed a forfeiture of twice the amount of interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid."

The court then proceeds to interpret the above statute as follows:

"The intention of this statute is to penalize the lender by requiring him to forfeit and pay to the borrower 'twice the amount of (usurious) interest' he has exacted of the borrower. * * *"

The court further says:

"* * * If it should turn out that double that amount was in excess of the principal sum loaned upon the note remaining due, the plaintiffs would be entitled to a judg-

ment against the mortgagee for the amount of that excess. * * *"

It will be observed the court specifically holds that the usurious interest should be deducted from the principal sum loaned. In section 5099, C. O. S. 1921, the language therein used is "the exact amount of money received from the lender."

No language or words are found in the court's interpretation of the usury statute which, by any stretch of imagination, would lead one to believe that when the court uses the words "principal sum loaned," the court meant to convey the idea that the deduction should be made from the note sued on.

The court, in the body of the opinion, Pearson v. Glen Lumber Co., says: "* * * This statute is plain, clear, and unambiguous. * * *"

We are of opinion "The method of computing a set-off or counterclaim," expressed by this court in Pearson v. Glen Lumber Co., is not only the correct method of deducting usurious interest, but that it was the main issue in said case; that the court correctly interpreted the statute; and that said case is clearly applicable and controlling of the issue involved in the instant case.

### Second Contention.

It is said in Richardson v. Barnhart, supra:

"The language used by the court therein (Pearson v. Glen Lumber Co.) with reference thereto (usurious interest) was not necessary. * * *"

Having set out and discussed at length the statement and holding of the court in Pearson v. Glen Lumber Co., supra, we will not burden the court by further discussing that phase of the case. Suffice to say this court reversed the holding of the trial court. It is contended that the language used by this court in Pearson v. Glen Lumber Co., is unnecessary.

It will be remembered plaintiffs sought to enjoin defendant from foreclosing a mortgage held by defendant. Plaintiffs filed their petition in the district court admitting the execution of the note and mortgage, but alleging that a usurious rate of interest had been charged and reserved in the note.

In the absence of the district judge, the county court issued an order enjoining defendant from taking further action in the foreclosure proceedings and directed that the matter be heard by a court of competent jurisdiction. The district court dissolved the injunction, thereby denying plaintiffs the right to set up and plead usury as a defense to the foreclosure action.

This court said, in Pearson v. Glen Lumber Co.:

"They were entitled to show how much usury had been charged and reserved in this note, and if they proved the transaction was usurious, to have the amount actually loaned credited with double the amount of the interest so charged and reserved."

The case turned absolutely upon the right of plaintiffs to plead and show that defendant had charged and reserved usurious interest. This court devoted fully one-half of its opinion in said case to a discussion of the usury law. In fact, there was no other question of legal importance in the case, and the court very properly reversed the trial court for the very cogent reason the question of charging and reserving usurious interest was involved.

We are convinced that no member of this court, after having read the opinion in Pearson v. Glen Lumber Company, will say that the method of computing a set-off or counterclaim was not an issue in said case, and that the language used by this Honorable Court therein was unnecessary to determine the issues therein adjudicated.

### Third Contention.

It is said in Richardson v. Barnhart, supra:

"The parties to that action (Pearson v. Glen Lumber Co.) in their briefs nowhere discussed that question." (viz., involving usurious interest.

It is a well-settled rule of law, where attorneys appearing in an action pending in the Supreme Court fail, neglect, or refuse to discuss in their briefs important questions appearing in the petition in error or case-made, which questions are germane to a correct adjudication of the case, that such failure, neglect, or refusal to brief said questions does not preclude this court from rendering a judgment in the case.

We concede, without reiterating again, the holding of this court in Pearson v. Glen Lumber Co., that the defendant's attorney said but little in his brief concerning the real issue in the case. He admits however, in his brief (page 3):

"For example, this law permits a mortgagor of chattels, in a case where the mortgagee is neither insolvent nor a nonresident, to enjoin the foreclosure of the mortgage in order that he may avail himself of a set-off against the debts secured."

It seems to us that, notwithstanding the contention, "that the parties to that action in their briefs nowhere discussed that question," the defendant's attorney had a very comprehensive knowledge of the real issue involved in Pearson v. Glen Lumber Co., which issue was instantly perceived by this court upon which the court predicated its opinion reversing the trial court.

This court in said case very properly predicated its opinion on section 4416, Snyder's Compiled Laws of 1909, which section very clearly provides a remedy for one who has been compelled to pay usurious interest. The plaintiff's attorney did discuss at length in his brief the real issue determined by this court in said case.

We see no good reason for further discussion of the above contention.

### Fourth Contention.

It is said in Richardson v. Barnhart, supra:

"We call attention to the fact that that decision has not been cited by this court in any decision and that it is in conflict with other decisions of this court."

Observe: The court in the Richardson Case said:

"It (Pearson v. Glen Lumber Co.) is in conflict with other decisions of this court."

We submit that the Pearson v. Glen Lumber Co. Case directly involves the issue in the case at bar, namely, "Usurious interest should be deducted from the exact amount of money received from the borrower," and it is the supreme law of this state until overruled by this court.

In so far as our investigation goes, the sole question presented in the instant case has never been presented to this court except in Pearson v. Glen Lumber Co., and in Richardson v. Barnhart. We can see no logical reasoning in Richardson v. Barnhart in support of the statement therein expressed: "That it was unnecessary to raise the question (under consideration) in the Pearson Case."

It is virtually admitted in the Richardson Case that this court held in the Pearson Case. That usurious interest should be deducted from the exact amount of money received from the lender, but it is vigorously contended in Richardson v. Barnhart, that usurious interest should be deducted from the contract (note) sued on, and not from the actual amount received from the lender, as held by this court in Pearson v. Glen Lumber Co.

So we are forced to the conclusion that the criticism against the holding in the Pearson Case is merely an argument in support of the contention that "usurious interest should be deducted from the note;" notwtih-

standing the note in question shows on its face that $450 usurious interest has been added to the amount of the actual money received by the borrower.

No attempt is shown in Richardson v. Barnhart that the interpretation and plain reading of sections 5098 and 5099, C. O. S. 1921, is in applicable, which specifically provides:

"* * * Payor * * * may tender, * * * deposit in the court" or plead as a counterclaim or set-off the "exact amount of money received from the lender. * * *"

The holding in Richardson v. Barnhart, to the effect that usurious interest should be deducted from the notes sued on is purely dictum. After great research, we are unable to find any decision, federal or state, holding that usurious interest should be deducted from the note sued on.

The distinguished jurist who wrote the opinion in Richardson v. Barnhart was fair enough to say:

"We are not unmindful of the decisions of courts construing statutes and constitutional provisions of other states in some of which it is held that usurious contracts are void."

Again our attention is called to two statements in Richardson v. Barnhart:

"We call attention to the fact that that decision has not been cited by this court in any decision," pp. 101-102, Richardson Case."

And the further statement: "Neither the Constitution nor statutes of Oklahoma so provide."

Having called attention to the Constitution and provisions of our statutes, supra, relative to the charging, reserving, and receiving usurious interest, we will not prolong further discussion on that point. Surely it cannot be denied there is a direct and far-reaching conflict of holding in the two cases.

Will it be contended that we have misquoted the statute, wherein it specifically provides that the usurious interest or set-off should be deducted from the exact amount of money received from the lender? Or shall we ignore the statute and adopt the unsupported statement that "usurious interest or set-off should be deducted from the note?"

It is said in Richardson v. Barnhart (syll. 4):

"In an action on a promissory note in which the defendant enters a plea of usurious interest charged but not paid, the plaintiff is entitled to judgment for the full amount contracted."

The above quotation contains two subtle statements or propositions not found in the Constitution or statute, namely:

(1) "Usurious interest charged but not paid."

(2) "Plaintiff is entitled to judgment for the full amount contracted."

Which statements will be discussed in their numerical order. The above quotations are found in the first part of syllabus 4. We find no statute containing such a provision. Neither of the statements are upheld by any authorities therein quoted. It is said in Richardson v. Barnhart:

"The provisions · of section 5098, supra, changed materially the law with reference to the penalty for usurious interest."

It is therefore quite apparent the court predicated the first part of syllabus 4 upon section 5098. Section 5098 does not contain or bear out the construction contained in the first part of syllabus 4. The only words found in section 5098, which bear any resemblance to the language used in syllabus 4, are the words "in case a greater rate of interest has been paid," which words convey an entirely different meaning from the meaning which is attempted to be conveyed in syllabus 4.

The words, "in case a greater rate of interest has been paid," only introduce the subject, or matter under consideration.

The provision in said section 5098 clearly and adequately provides the borrower with a remedy when he has been compelled to pay usurious interest and reads:

"* * * Provided, further, that when any suit is brought upon any note, bill, or other evidence of· indebtedness or to foreclose any mortgage or lien given to secure such indebtedness · when a greater rate of interest has been collected, reserved, charged or received than is provided for in this act, the defendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged and received in said transaction or in all such transactions between the same parties."

It will be observed: Section 5098 provides: "When a greater rate of interest has been collected, reserved, charged or received," * * * the defendant (borrower) * * * may plead as a set-off * * * twice the amount of the entire interest collected, reserved, charged or received in said transaction." And this the borrower may do when the usurious interest has been "collected, reserved, charged or received," and does not compel the borrower to bring an independent

suit if he has not paid the interest, nor does said section provide that "the plaintiff is entitled to judgment for the full amount contracted." It clearly shows when suit is brought, the defendant may plead as a set-off the usurious interest charged, collected, or reserved.

The above statements or propositions set out in syllabus 4 are delicately woven into a labyrinth of two full pages of history of our usury law enacted in the last 40 years, which history only helps to becloud the question in the instant case. But the plain and unambiguous reading of the law which is now controlling is very conveniently omitted, and in fact the majority opinion declines to discuss or consider any law contained in the statute, holding that in view of the fact that the majority opinion is based solely upon the opinion in the case of Richardson v. Barnhart, we deem it unnecessary to cite any law.

Proposition 1: "Usurious interest charged but not paid."

We have quite fully discussed the above statement, supra. However, the statement is more fully discussed in the body of the Richardson v. Barnhart opinion, seemingly for the purpose of conveying the idea that two methods are employed by our statute for deducting usurious interest.

The court in interpreting section 5098 in the Richardson Case, said, in part:

"It provides two methods for the enforcement of the penalties so provided. * * *" (p. 100, Richardson opinion.)

And it is further stated in said opinion:

"Section 5099, supra, provides for two methods for the liquidation of usurious contracts."

I invite careful study of section 5099, both in our opinion and in the Richardson Case. The word "method" as used in section 5099 has no reference whatsoever to the question involved in the instant case, namely, "Should usurious interest be deducted from the contract (note) sued on, or, from "the exact amount of money received from the lender" "? as specifically provided in said section. The word "method," as used in section 5099, does not mean or infer that two methods are provided for deducting usurious interest, as "is" held in the Richardson Case, namely, First, "When usurious interest is charged but not paid"; second, "When usurious interest is charged and paid."

Said section simply provides an orderly and comprehensive procedure by which a borrower may at any time, before or after

suit is commenced, assert his lawful rights when a selfish money lender requires him to pay usurious interest during the entire transaction.

We have analyzed and interpreted sections 5098 and 5099, supra, and hold: When the borrower desires to liquidate his debt he may proceed at any time during the transaction before or after the suit is filed, to assert his right as provided in section 5099, in the following manner:

(1) "Any contract for the loan of money, where the rate of interest taken, received, reserved or charged is greater than the rate as declared in section 1004 of the Revised Laws of Oklahoma 1910, may be liquidated in the following manner: On the date such contract falls due, or at any time before suit for the collection thereof is instituted, the payor, * * * may tender to the holder thereof the exact amount of money received from the lender. * * *"

(2) "If no such tender as heretofore provided has been made and suit is instituted * * * the payor, * * * may, at or before the time he is required to plead, deposit in the court the **exact sum of money received on** said contract. * * *"

(3) "Provided this section shall not be construed to prevent the debtor from bringing his action on a cross-petition or in an original suit to recover twice the amount of the interest paid in said contract sued upon."

(4) Section 5098 provides: "* * * Provided, further, that when any suit is **brought** upon any note, bill or other evidence of indebtedness or to foreclose any mortgage or lien given to secure such indebtedness' * * * the defendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged or received in said transaction or in all such transactions between the same parties."

In the Richardson opinion the learned Justice says: "The provisions of the several sections are harmonious." We concur in the statement that the above sections of our statute are harmonious.

We hold that section 5099 nowhere implies that: "When usurious interest has not been paid, plaintiff is entitled to judgment for the full amount of the contract."

The court in Richardson v. Barnhart, upon which the majority opinion is predicated, holds directly contrary to the above contention. The court in the Richardson Case says:

"The plaintiff herein contends that 'the trial court had no jurisdiction as to whether any of the interest had been paid.' Under the provisions of our statute, under the facts

in this case, it is immaterial whether or not the interest has been paid."

Observe: The court in Richardson v. Barnhart, contends:

"When usurious interest charged and not paid, plaintiff is entitled to judgment for the full amount of the contract."

The above contention is predicated solely upon the holding in Richardson v. Barnhart; that the statute provides two methods of deducting usurious interest, namely, (1) When interest charged and not paid, and (2) when interest charged and paid.

The constitutional and statutory provisions of many of the states relating to the taking, charging, reserving, or receiving usurious interest are similar to ours. However, many of them are much more drastic. Time or space will not permit us to enter into a technical discussion of the usury statutes of other states.

Proposition 2: "When usurious interest is charged and paid."

No doubt the above quotation is inserted for the sole purpose of conveying to the mind of the reader the contention in the Richardson Case: That a different rule obtains to that provided in sections 5098 and 5099, "when usurious interest is charged and paid."

The court, in the Richardson Case, cites Mires v. Hogan, 79 Okla. 233, 192 P. 811 (syll. 16), in support of the contention in the majority opinion that when usurious interest has been paid, it cannot be set up as a defense in an action to recover the debt. It is quite apparent the court in the Richardson Case based the above conclusion upon the holding reached in said case, as reflected in the last part of syllabus 4, which reads as follows: "* * * The plaintiff is entitled to judgment for the full amount contracted by the defendant to be paid to the plaintiff. * * *"

The court, in Mires v. Hogan, did not hold: "When interest has been paid," the defendant must bring an independent action. The court in the Mires Case did hold that under section 3, art. 14, of the Constitution, and the Laws of 1910, before the amendatory act (Laws of 1916) was enacted, it was necessary for the defendant to bring an independent action (syllabus 16), but the court specifically holds that said section 1005 has been amended (Laws of 1916), and under said amendment, which is now the law, the defendant may at any time before or after the creditor brings his action, plead the taking, charging or reserving usurious

interest as a set-off or counterclaim. The court said (p. 818, Mires Case):

"Thus the privilege to plead the statute of limitations, when it has run and become a bar to a demand arising ex contractu or ex delicto is a vested right; * * * on the other hand, there is no vested right of a statute of limitations before the cause is barred under it though the statute began to run before the time was extended or shortened by a subsequent statute."

The court further said:

"Bearing in mind that under the decisions of this court the two-year statute of limitations on actions to recover twice the amount of interest commences to run from the date of payment and not from the due date of the note or contract. * * *"

It will be observed the statute of limitations on actions to recover usurious interest commences to run from the date of the payment (of interest), and not from the due date of the note or contract.

The record in the instant case shows and it is admitted in the majority opinion that $450 usurious interest was added to the note at the time said note was executed, October 4, 1927, to run one year; that the borrower paid four of the monthly installment notes as they became due; that said installment notes carried $225 usurious interest during the life of said notes; that said bonus of $450 was added to the said note and interest paid on four of said installment notes all within four or five months, from the date of the execution of said notes, the same being 18 months before the statute of limitations would begin to run, as provided by the amendatory act of 1916. The court further said in the same paragraph:

"* * * It is our conclusion that if the illegal and unlawful interest was paid within two years from the date the amendatory act approved March 4, 1916, took effect, the plaintiff in error has a right under the amendatory act to plead the same as an offset or counterclaim against the defendant, although no written demand was made for the same, and without regard to lapse of time. * * * Section 1005, R. L. 1910, thus amended, removes the requirement of a written demand for the return of the usury as a condition precedent."

Observe: The court holds, first, "that no demand is necessary for the return of the usurious interest"; second, "and without regard to lapse of time," the defendant under the amendatory act has the right to plead the charging, reserving, or receiving usurious interest as a set-off or counterclaim as a defense to the action.

This he can do at any time before the ac-

tion is commenced, or during the time the action is pending, or the defendant may bring an independent action. Surely the above holding cannot be construed to mean that "The plaintiff is entitled to judgment for the full amount contracted by the defendant to be paid to the plaintiff." Said holding is contrary to the plain provisions of the amendatory act (Laws of 1916), and to the holding in Mires v. Hogan, and contrary to all decisions rendered since the judgment rendered in the Mires Case.

It is apparent the court, in the Richardson Case, had in mind, "when the usurious interest has been paid," the defendant could not plead the same as a defense to the action, but would be required to bring an independent action, and for that reason the court in the Richardson Case held:

"* * * The plaintiff is entitled to judgment for the full amount contracted by the defendant to be paid to the plaintiff. * * *"

It must also have appeared to the court that the above holding is the law, and for that reason the usurious interest could not be deducted from the exact amount of money received from the lender, and that the defendant was entitled to judgment for the full amount of the note sued on.

Observe: It is held in Richardson v. Barnhart, upon which case the majority opinion is predicated, that:

"Usurious interest should be deducted from the note and not from the exact amount of money received by the borrower."

The case of Mires v. Hogan is cited in support of the above holding.

We have in this opinion, supra, and the court in Mires v. Hogan, carefully analyzed the manner of liquidating a loan or contract calling for usurious rate of interest, which we will not repeat. The court, however, in speaking of the manner of liquidating a usurious loan when an action is commenced by the lender, quoted the provision of the statute: The defendant may "* * * deposit in the court in which the suit is instituted the exact sum of money received on said contract, less the exact amount of the entire interest taken, received, reserved, or charged. * * *" (Column 1, p. 819.)

Again it appears the holding in Mires v. Hogan, cited in Richardson v. Barnhart, does not support the holding in the majority opinion, "that usurious interest should be deducted from the note," but specifically holds that usurious interest should be deducted from the exact amount of money received on the contract.

In support of its conclusion the court said:

"The amendatory act expressly provides that 'When any suit is brought upon any note, bill or other evidence of indebtedness or to foreclose any mortgage or lien given to secure such indebtedness when a greater rate of interest has been collected, reserved, charged or received than is provided for in this act, the defendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged or received in said transaction, or in all such transactions between the same parties'."

Observe, the court says: "When any suit is brought upon any note, bill or other evidence of indebtedness,"—the defendant may plead the payment of usurious interest as a counterclaim.

The court further says:

"There is this significant proviso to the liquidating section (section No. 2) of the amendatory act:

"'Provided, this section shall not be construed to prevent the debtor from bringing his action on cross-petition, or in an original suit to recover twice the amount of interest charged or paid in said contract sued upon.'

"If the plaintiff in error paid the unlawful interest, and his separate cause of action was not barred by the statute of limitation at the time the amendatory act, approved March 4, 1916, went into effect, he has a right to plead the penalty as an offset to the action of defendant in error on the note and mortgage."

Defendant in error (Hogan), plaintiff below, in the case of Mires v. Hogan, contended:

(1) "The answer and cross-petition of plaintiff in error does not allege that he made any written demand for the return of usury.

(2) "The usurious interest having been paid the penalty cannot be pleaded by defendant as a set-off to his action to recover the debt.

(3) "That defendant's claim was barred by the two-year statute of limitations provided by section 1005, Revised Laws 1910, and section 3 of article 14 of the Constitution."

It is apparent the court, in Richardson v. Barnhart, recognized the allegations of error above alleged by Hogan, as existing law.

It is contended that, "Where the interest was paid, there was no remedy by way of offset or counterclaim, that the cause of ac-

tion must be enforced in a separate suit." And it is further contended: "Such changes in the remedy are unconstitutional and void." The same contention is made in the majority opinion.

Defendant in error, in Mires v. Hogan, discusses very profusely the above contentions, but the court answers defendant's argument in a few well chosen paragraphs. The court said (page 819):

"But a repeal or change of remedies which does not substantially diminish the value of an agreement or retard or obstruct its enforcement escapes the inhibition of the Constitution and is valid."

It is also held in Richardson v. Barnhart if the interest has been charged but not paid the plaintiff is entitled to judgment for the full amount of the contract sued on, supra.

The above holding in Richardson v. Barnhart is the contention which the learned Justice seeks to impress upon this court, and informs the court that the said "doctrine" was approved by this court in Mires v. Hogan.

It should be remembered the court in Richardson v. Barnhart held there are two methods provided by statute, by which a borrower of money who had paid usurious interest could liquidate his debt. First, when interest is charged and not paid; second, when interest is charged and paid.

Under the first proposition the court held interest charged, but not paid, the plaintiff was entitled to judgment for the full amount of the contract or note sued on.

Second Proposition: "Interest charged and paid."

Under the second proposition, the defendant (borrower) was required to bring a separate suit to recover usurious interest.

The court in Richardson v. Barnhart, and in the majority opinion, in effect, reached the same conclusion in discussing both propositions, namely, "when interest is paid," and "when interest is not paid," and makes use of the same and identical language. We have discussed at length both the above propositions, supra, and will not rehearse them.

Under the facts and circumstances in the instant case, no logical conclusion has been adduced by the court in Richardson v. Barnhart to evince the amendatory act of 1916.

It is admitted in Richardson v. Barnhart, and in the majority opinion that there is

but one question in the case at bar for determination:

Should usurious interest be deducted from the contract (note) sued on or should it be deducted from the exact amount of money received by the borrower?

In order to determine the sole and only question in the case at bar, the court could do so only by basing its opinion on the old usury law of 1910, and in keeping with some of the early decisions prior to the amendatory act of 1916.

The court, in Richardson v. Barnhart, cites Union Savings Association v. Cummins, 78 Okla. 265, 190 P. 869, in support of the above contention.

The court in Mires v. Hogan said:

"This holding in no sense conflicts with the opinion in Union Savings Association v. Cummins, 78 Okla. 265, 190 P. 869."

The court further said:

"Neither section 1005, Revised Laws 1910, nor the amendatory act of March 4, 1916, apply with respect to the amount of the penalty. But the procedure for enforcing the penalty imposed by section 3, of article 14 of the Constitution has been changed, and the new procedure provided for is applicable to all cases, without regard to the date of the contract.

"The amendatory act of March 4, 1916, not only makes the penalty for charging or receiving usurious interest a defense by way of set-off, but also makes it a good counterclaim, in the action to recover the debt. As a set-off or counterclaim, it falls under the provisions of the Code of Civil Procedure, and the saving clause of section 4746, R. L. 1910, thereof, providing that a set-off or counterclaim 'shall not be barred by the statutes (plural) of limitations until the claim of the plaintiff is so barred.' Under the amendatory act of March 4, 1916, in section 4746, R. L. 1910, the right to plead the penalty as a set-off or counterclaim in the action commenced by the creditor to recover on the usurious note, debt, bill, or contract is not barred by the statute of limitations of two years, or any other statute of limitation, until the cause of action on the principal debt or obligation is barred by the statute of limitation."

Referring again to the significant provision of section 2, amendatory act 1916, supra, the court, in Mires v. Hogan, said:

"If the plaintiff in error paid the unlawful interest, and his separate cause of action was not barred by the statute of limitations at the time the amendatory act approved March 4, 1916, went into effect, he has a right to plead the penalty as an offset to the action of defendant in error on the note and mortgage."

The defendant, in Mires v. Hogan, further contends:

"That where the interest was paid, there was no remedy by way of offset or counterclaim, that the cause of action must be enforced in a separate suit, that the two-year statute of limitation inhered in the cause of action, and that the remedy by way of a separate suit could not be changed by the Legislature, so as to permit the debtor to enforce his rights by set-off or counterclaim in the action commenced by the creditor or holder of the contract to recover thereon."

The same contention is made and upheld in Richardson v. Barnhart, and is cited in support of the majority opinion. The court, in answer to said contentions, said:

"An * * * examination of the decisions convinces us that the true rule is this: 'Remedies for the enforcement of a contract existing at the time the contract is made are a part of the obligations of the contract to the extent that they cannot be totally abolished or repealed, or changed so as to substantially obstruct or retard the enforcement of the contract or lessen the value of the agreement. Such change in the remedies is unconstitutional and void. But a repeal or change of remedies which does not substantially diminish the value of the agreement or retard or obstruct its enforcement escapes the inhibition of the Constitution and is valid."

Observe: The court holds remedies for enforcement are a part of the contract, and if new remedies are enacted which abolish or repeal or change the remedies so as to substantially obstruct or retard the enforcement of the contract or lessen the value of the agreement, that such change is unconstitutional, but where the change in the remedies do not substantially diminish the value of the agreement or retard or obstruct its enforcement, such change of remedies is constitutional and valid.

The decisions cited by the court in Mires v. Hogan in support of its holding are too numerous to mention. Suffice to say, they are nearly all decisions of the federal courts. So the court in Mires v. Hogan very properly held that the above holding "in no sense conflicts with the opinion in Union Savings Association v. Cummins et al., 78 Okla. 265, 190 P. 869."

The majority opinion cites Miller v. Oklahoma State Bank, 53 Okla. 616, 157 P. 767-774, in support of the contention made in the majority opinion that "the defendant, in an usury case, if he had paid usurious interest, must bring an independent action to recover interest paid."

Observe: The above decision was rendered July 20, 1915, which was prior to the amendatory act of 1916, and, of course, could have no application to the question involved in the case at bar. However, a careful study of the case convinces the writer that the court in said case clearly holds that usurious interest paid may be pleaded as a set-off against the note sued on when the creditor brings his action.

The court in its final analysis of the question therein said, construing subdivision 2 of section 1005:

"The construction given section 5198, U. S. Rev. Statutes, by the United States Supreme Court as above stated, is also herein held by this court to be the effect of subdivision 2, section 1005, supra; which it is the opinion of the writer that, under our procedure, a debtor who has paid the greater rate of interest on his note may, by cross-petition, plead such payment in an action on the note by the party to whom the interest was paid other than a national bank, and, upon proof thereof, he is entitled to have the plaintiff's demand reduced in double the amount of interest so paid. * * *

"Under section 4747, Id., a set-off can be pleaded in defense to an action founded on contract where the set-off is a cause of action arising upon a contract. In the case of the State Bank of Paden v. Lanam, 34 Okla. 485, 126 P. 220, this court held an action to recover double the amount of usurious interest paid was an action on an implied contract, and the doctrine announced in that case was reaffirmed in the case of Yates v. First National Bank of Mill Creek, 42 Okla. 95, 140 P. 1174. In Fanson v. Linsley, 20 Kan. 235, it is held (syllabus 1): 'A cause of action founded upon an implied contract may be the subject of set-off.' * * *

"Section 4746, Rev. Laws 1910, provides that either party to an action 'can plea (plead) and prove a set-off or counterclaim of the proper nature, in defense to the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him.'

"In Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204, which was a suit on a note on which usurious interest had been paid, it was held by the Texas Supreme Court, after defining the usury statutes of the state, that in said action the defendant might set up payment of such usurious interest by a plea of reconvention and obtain judgment therefor against the plaintiff in the same action. * * *"

The court further said, in the body of the

opinion (quoting the Rosetti opinion, supra):

"The present action is governed by our own statute, in adopting which the Legislature must have had in mind the established principles and rules here in force governing forms of action and, modes of proceedings. By 'action of debt,' the Legislature did not, we think, mean to require that the action be technically that action known as such at common law, for the reason that we have no forms of action. * * * It does not follow, however, that an original action is essential. * * *"

This court, in commenting on this subject, said:

"It will be noticed the Texas court refers to its 'plea of reconvention' as a cross-action by defendant against the plaintiff. The two mean one and the same thing. The same practice is recognized by the Oklahoma courts under the name of cross-petition. In Brown, Tutt & Beadles v. Massey, 19 Okla. 482, 92 P. 246, it is held:

"'Where, in an answer to a petition, the defendant makes allegations proper in his answer, which alleges facts upon which the affirmative relief may be based and such affirmative relief is prayed for by said answer, the same will be treated by the court as a cross-petition regardless of what name the pleader may apply to it.' * * *"

"Section 1005, supra, provides where usurious interest has been paid, twice the amount thereof may be recovered from the person receiving the same in an action in the nature of an action of debt. An action to recover debt may be set off by a debt due by the plaintiff to the defendant. Like the state of Texas, we have no common-law form of practice, and under the authorities above cited and our liberal code and practice by which it is sought, as much as possible, to avoid a multiplicity of suits, I am clearly of the opinion that one who has been sued on a note other than a national bank debt and upon which he has paid usurious interest, may, by proper pleadings in the same action, set up such payment, and thereupon recover of plaintiff in such action double the interest so paid, and the judgment should be deducted from any judgment in plaintiff's favor. * * *"

This court, in Miller v. Oklahoma State Bank, in conclusion, said:

"Counsel for defendant in error claims plaintiff did not sue for any usurious interest. Let us see. The original note was for $1,325, which included $125 usurious interest. The $400 cash payment was deducted from the face of the note, leaving $925, which is the amount sued for. Where cash is paid on a note tainted with usury, the amount thereof will be applied as a credit on the principal. (Citing many authorities). Applying this rule to the present case would show plaintiff's action included $125 usurious interest originally charged on the loan to Miller."

This court also said, in the body of the opinion:

"Applying the law as we understand it to the evidence in this case, we think the defendants in the court below were entitled to have deducted from plaintiff's note double the amount of interest originally charged and added in the face of the note, and also judgment against planitiff for double each payment of interest (bonus) paid for the extension of the note after the maturity thereof, and to have such judgment deducted from plaintiff's claim sued for. * * *"

The above clearly holds the defendant (borrower) may plead the same as a set-off or counterclaim at the time the creditor (lender) brings his action.

### Deducting Interest.

The only contention in the instant case is:

"Shall the usurious interest be deducted from the face of a usury note or from the exact amount of the money received by the borrower?"

In Citizens' National Bank of Kansas City v. Donnell, 195 U. S. 369, the court, speaking through Justice Holmes, said (p. 372):

"* * * The suit was brought by the plaintiff in error (bank) upon a promissory note for $20,000, with interest at eight per cent., made on April 29, 1892. The facts, shortly stated, are as follows: On October 29, 1892, the plaintiff bought the defendant's note for $15,000, with interest at seven per cent. On July 12, 1895, the defendant being behindhand with his payments of interest, and also having overdrawn a bank account which he kept in the plaintiff's bank, he gave the plaintiff a new note for $17,500, and interest at seven per cent., in satisfaction of both liabilities. The amount of this note included three semi-annual interest charges of $525 each, with a few days' further interest, on the former note, with interest on this interest from the time it was due, and charges of one per cent. or more a month on the amount overdrawn each month. It left the defendant with a credit on his bank account of $230.50. On April 29, 1896, the note in suit and another note for $2,000 were given in satisfaction of the last note for $17,500, and of another note for $2,500, of October 1, 1895, with interest accrued on both, and of an overdraft of $919.90, and a balance of $2.42. The overdraft item included, as before, charges of about one per cent. a month on the amounts actually overdrawn.

"The Supreme Court of Missouri held that the plaintiff must forfeit all interest from the beginning of the above transactions, and

could recover only the original $15,000. * * *

"By the United States Rev. Stat., section 5197, a bank may charge 'interest at the rate allowed by the laws of the state, * * * where the bank is located, and no more.' By section 5198, taking, receiving, or charging 'a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.' * * *

"On that point, and on the question whether what was done amounted to compounding within the meaning of the Missouri statute, we follow the state court. Union National Bank v. Louisville, New Albany & Chicago Ry., 163 U. S. 325, 331. Therefore, since the interest charged and received by the plaintiff was compounded more than once a year, it was at a rate greater than was allowed by U. S. Rev. Stat., section 5197, and it was forfeited. The suggestions as to the twelve per cent. charge on overdrafts do not seem to us to need answer.* * *

"These cases sufficiently show also, if more is wanted than the words of Rev. Stat., section 5198, that the court below did not err in forfeiting all the interest from the beginning.

"We perceive no warrant in the statute or the cases for the contention that the bank, when it brings the action and is met by the plea of usury, may avoid the forfeiture imposed by Rev. Stat., section 5198, in absolute terms, by then declaring an election to remit the excessive interest. Judgment affirmed."

Observe: The original note, the amount actually borrowed, was $15,000. The bank purchased the original note of $15,000, and later secured a renewal note for $20,000. The bank predicated its action on the $20,-000 note. The defendant alleged that the bank had charged, received, and collected usurious interest on the various and sundry items composing the $20,000 note. The defendant was allowed to plead a set-off or counterclaim against the note sued on. The court held (under U. S. Rev. Stat., section 5197) that the usury accruing during the entire transaction should be deducted from the original amount borrowed.

Where the statue declares that the penalty of usury shall be the forfeiture of all interest contracted to be paid the lender may in an action on the contract recover the sum actually loaned or paid but no interest. Carter v. Carusi, 112 U. S. 478, 5 Sup. Ct. 281.

In Missouri-Kansas & Texas Trust Co. v. Krumseig et al., 172 U. S. 351, 43 L. Ed. 474, the federal court said (syll. No. 3):

"The public policy of a state with respect to contracts made within the state and sought to be enforced therein is obligatory on the federal courts, whether acting in equity or at law.

"The right given by a state to have a contract canceled for usury without repaying the money lender can be enforced in a federal court. Id. (syll. par. 4).

"Where defense of usury is maintained, Chancellor should deduct usurious interest doubled and forfeited to defendant, from actual amount loaned." Sullivan v. Thumm (Fla.) 136 So. 439.

It is contended in Richardson v. Barnhart:

"To give the act the construction contended for would be to hold that the Legislature intended to impose a greater penalty for charging usurious interest that it imposed for charging and collecting usurious interest. * * *"

Section 3, art. 14, Constitution of Oklahoma, reads in part:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceeding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it. * * *"

Section 5098, C. O. S. 1921, reads in part:

"The taking, receiving, reserving or charging a greater rate of interest than is provided by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it. * * *"

Section 5198, U. S. Rev. Statutes, provides, in part:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it. * * *"

And said interest must be deducted from the original note, principal, actual amount loaned, or exact amount received by the borrower.

It will be observed that our Constitution and statutes and the United States statute all specifically provide that the taking, receiving, reserving or charging a rate of interest greater than is allowed, shall be deemed a forfeiture of the entire interest, which the note, bill, or other evidence of debt carries with it. The law makes no distinction between the terms "taking," "receiving," "reserving," or "charging" usurious interest, but specifically provides that: "The taking, receiving, reserving or charging usurious

interest shall be deemed a forfeiture. * * *" That is to say, if the lender takes, receives, reserves, or charges illegal interest, the penalty is the same, viz., the defendant may recover "twice the amount of interest" so taken, received, reserved or charged.

It is further contended in said paragraph, supra:

"For if usurious interest has been charged and collected, the amount of recovery provided by the act is twice the amount of the entire interest paid, which results in the lender losing the interest charged and an equal amount."

Observe, the court says:

"For if usurious interest has been charged and collected, the amount of recovery provided by the act is twice the amount of the entire interest paid."

The above statement is, in legal parlance, practically correct. The court, however, does not quote the law in full, but elects to stop on the word "paid." It is provided by Constitution and statute, the taking, receiving reserving, or charging a greater rate of interest shall be deemed a forfeiture of twice the amount of the entire interest, which the note, bill, or other evidence of debt carries with it.

We think it will be clear to the diligent student, if the court, in the Richardson Case, had quoted the statute in full, then it would have been impossible for the court to have sustained its contention.

It is further contended in said paragraph, if this court should now construe the law as contended in this opinion, viz., "the entire amount of usurious interest should be deducted from the exact amount received by the defendant," which results in the lender losing the interest charged and an equal amount" the court has admitted, supra, that twice the amount of usurious interest is all that can be deducted," so it is not a question of amount to be deducted.

We all agree that twice the amount of illegal interest charged or collected, and any bonus added to the note, should be deducted. The court in the Richardson Case contends, however, that the amount should be deducted from the note sued on, but we say, under our statute, as amended (1916), and under the decisions of this court since the passage of the amendatory act, it is specifically provided that twice the amount of illegal interest so taken shall be deducted" from "the exact amount of money received from the lender," and that the defendant (borrower), may plead said amount as a set-off or counterclaim, at the time the plaintiff (lender) brings his action to recover on the contract or usurious note.

Observe: It is contended in Richardson v. Barnhart, if this court follows the statute and decisions of this court, supra, "the lender loses the interest charged and an equal amount."

The writer, in Richardson v. Barnhart, concludes if this court follows the statutes and opinions of this court, the court will have required the money lender to pay not only twice the amount of illegal interest taken by him, "but and an equal amount."

The only logical interpretation we can put upon the above contention in Richardson v. Barnhart, namely, it results in the lender losing the interest charged and an equal amount," is, the court, in Richardson v. Barnhart, holds that if we follow the law we will have required the lender to pay double the amount required by law. This court does not so interpret the law. A like contention is made in the majority opinion in the following language:

"To adopt the view of the trial court would, in effect, penalize the lender for approximately three times the amount of interest charged or reserved instead of double the amount of the interest charged or reserved as provided by statute."

Section 5098 of the statute provides in part: ' Shall be deemed a forfeiture of twice the amount of interest which the note, bill, or other evidence of debt carries with it or which has been agreed to be paid thereon."

The statute does not impose a penalty and twice the amount of illegal interest charged or received, as the court in the majority opinion would have us believe. The statute does provide if the money lender charges or receives usurious interest he is penalized for so doing. The penalty so fixed by statute is twice the amount of usurious interest charged or received.

The Legislature did not intend, nor has any court construed section 5098 to mean, that twice the amount of usurious interest charged or received, and in addition thereto a penalty of twice the amount of illegal interest, should be charged. The statute only provides that twice the amount of usurious interest charged or received should be deducted from the exact amount of money received from the lender.

The contention in Richardson v. Barnhart, and in the majority opinion, that usurious interest should be deducted from the note or other evidence of debt, where the note

sued on clearly shows on its face that a bonus or usurious interest has been added, cannot be sustained in law or equity.

### Subterfuge Disapproved.

"In the great majority of usurious transactions a subterfuge of one kind or another is resorted to for giving it a legal appearance. Such an appearance, however, never deters the court from pronouncing the transaction · usurious, once that fact appears." Schanz v. Sotscheck, 145 N. Y. S. 780.

### Corrupt Agreement.

"It may be conceded that where an excess of interest is intentionally taken, and is not done by mistake, that the contract becomes usurious and the bargain becomes a corrupt and usurious bargain by the mere fact of the violation of the law, and that no active corrupt intent is necessary to be established. Where the law is violated the corrupt intent is necessarily inferred." Morrison v. Verdinal, 53 Hun. 63, 5 N. Y. S. 606, 607; Lydecker v. Verdinal (N. Y.) 27 N. E. 410.

It is said in Richardson v. Barnhart:

"It will be noted that in neither the Constitution nor the statutes referred to was there any provision avoiding the debt, and the language used therein is not susceptible of such construction."

Observe: The court says,—" * * * there is no provision in the Constitution or statute * * * avoiding the debt." No doubt the court, by closing the above statement with the word "debt," seeks to convey the idea that there is no provision in law by which a debt expressed in a usurious contract or note can be avoided, and, for that reason, the court contends: "Usurious interest should be deducted from the note sued on."

Notwithstanding, the contention in Richardson v. Barnhart, that "there is no provision for 'avoiding the debt'," yet the writer, in the next three following paragraphs, very profusely admits and quotes the law, which the Legislature amply provided to prevent the collection of the entire amount expressed in a usurious contract. If the court, in Richardson v. Barnhart, had fully and carefully interpreted the clear provisions of the law, we feel sure the court would not have made the statement that "there is no provision to avoid the debt."

We think and hold: The Constitution and statutes of this state, the decisions of the federal courts, and the law and decisions of the various states, clearly and specifically hold usurious contracts to be illegal and void.

### Allocation of Authorities.

In support of the above holding, we cite the following authorities touching the various subjects discussed herein.

### Usurious Contracts.

"A bargain under which a greater profit than is permitted by law is paid, or is agreed to be paid to a creditor by or on behalf of the debtor for a loan of money, or for extending the maturity of a pecuniary debt, is usurious and illegal." American Law Institute, Contracts, section 526.

"* * * If the contract is usurious, nothing more is said in regard to it in these rules than that it is illegal. * * *" Id., sec. 526, p. 1022.

"Promissory note, including bonus in addition to interest rate, which in aggregate amounted to more than 12 per cent. per annum on money borrowed, was illegal so far as interest and bonus were concerned." Jones v. Dickerman (Cal. App.) 300 P. 135.

"Where one who is acually lender exacts excessive interest, loan contract is usurious whether excessive interest is styled 'bonus' or commission'." Deming Invest. Co. v. Giddens (Tex. Civ. App.) 41 S. W. (2d) 260.

"Contracts made in borrowing money where usurious interest is contracted for, are void ab initio as to interest." McCormick v. Fallier (Ala.) 134 So. 471.

"One receiving interest on contract usurious on its face is charged with knowingly exacting or receiving it." Dallas Trust & Savings Bank v. Brashear (Tex. Civ. App.) 39 S. W. (2d) 148.

"Where defense of usury is maintained, chancellor · should deduct usurious interest doubled and forfeited to defendant, from actual amount loaned." Sullivan v. Thumm (Fla.) 136 So. 439.

"Where $1,000 as interest on loan of $11,-000 for less than two months was exacted and paid, borrowers entitled to treble damages of $3,000." Jones v. Dickerman (Cal. App.) 300 P. 135.

"Lender of $480, taking note for $625, with intent to violate statute, could not recover either face amount of note or amount actually loaned." Kruzansky v. Scombul (Conn.) 113 Conn. 569.

"A contract for illegal interest is as void in equity as it is in law and furnishes no standard for measuring the borrower's moral duty to pay interest. * * *" Moncrief v. Palmer (R. I.) 17 A. L. R. 119.

Where a party, by a contract, has secured to himself a greater rate of interest than the legal rate for the money loaned, and it was his intention so to do, the contract is usurious and void. Rhodes v. Fullenwider, 25 N. C. 415.

"Any agreement, device, or shift to reserve

or take more than the law permits for the use of money is usury." Missouri Valley Life Ins. Co. v. Kittle (C. C.) 2 Fed. 113.

"The statute against usury cannot be evaded by any shift or device; and, no matter what the form of the transaction may be, the courts will explore the real truth, and, if they discover that the object was a loan of money at more than the legal interest, it will be condemned." Brown v. Waters, 2 Md. Ch. 201.

"In construing the statutes against usury, it has always been the custom to hold * * * that no contract, however framed, will hold good if the ultimate effect of it would be to secure more than legal interest. * * *" Fitzsimons v. Baum, 44 Pa. (8 Wright) 32.

A contract for loan of money at such a rate of interest as almost doubles the principal in about two years, is usurious, and the lender can only recover the real debt, without costs. Union Nat. Bank v. Craig, 1 N. J. L. 186.

"It matters not what the form of the transaction may be, where one party advances money to another, to be repaid at a future day, it is a loan; and, if the sum to be repaid is greater than the sum advanced, with lawful interest, the contract is usurious." McGregor v. Covington & L. R. Co., 12 Ohio Dec. 763.

Where a note is given for a certain amount, with 8 per cent. interest, and on such note a smaller amount is actually advanced, the contract to pay such rate of interest on an amount greater than was actually loaned, being usurious and illegal, only the amount actually received, with 6 per cent. interest, is recoverable. Metzger v. Wiechers, 7 Ohio Dec. 642.

Where money is borrowed and a note for a larger amount is given, it being understood that interest is added to make up the face of the note, and the amount thus added in excess of the lawful rate, the agreement is usurious. W. B. Clark Inv. Co. v. McNaughton (Minn.) 48 N. W. 412.

Where two notes are given, one for the principal and another for the unlawful interest, both are void; there being but one contract, and that an unlawful one. Bridge v. Hubbard (Mass.) 8 Am. Dec. 86.

Where a note for $500 became due, the holder took a new note for that sum, and a note for $50, for forbearance for 60 days. This transaction was held usurious, and both notes were held void under the statute. Motte v. Dorrell (S. C.) 10 Am. Dec. 675.

A note given for accrued interest, in part usurious, was without consideration. McGhee v. First Nat. Bank (Neb.) 58 N. W. 537.

"The borrower of money on an usurious contract may tender to the lender, or bring into court for his use, the amount actually advanced, with the legal interest, and then file his bill for relief; and the court will relieve him from the payment of the excess, and declare the securities void, and, when necessary, direct them to be delivered up and canceled." Ferguson v. Sutphen, 8 Ill. (3 Gilman) 547.

Under Acts 1875, p. 105, the penalty is a forfeiture of the interest and the excess of interest. The lender can recover the principal actually loaned. Lanier v. Cox, 65 Ga. 265.

At law, in a suit on a contract tainted with usury, neither legal nor illegal interest is recoverable. Bailey v. Lumpkin, 1 Ga. (1 Kelly) 392.

"By the law of Pennsylvania, in case of a loan * * * at a higher rate of interest than 6 per cent. per annum, the lender can only recover the sum actually lent, with lawful interest." Hill v. Scott, Fed. Cas. No. 6498 (5 Cranch, C. C. 523).

Proof of Usury—Parol Evidence.

Though the contract between the parties is in writing, parol evidence is admissible to show the usurious nature thereof. Von Haus v. Soule, 131 N. Y. S. 512.

"The defense is one which the debtor may make even though it contradicts the agreement." Houghton v. Burden, 228 U. S. 161.

"Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled." McKinney's Consolidated Laws of New York, Book, 19, p. 254.

"A note void in its inception for usury continues void forever, whatever its subsequent history may be. It is as void in the hands of an innocent holder for value as it was in the hands of those who made the usurious contract. No vitality can be given to it by sale or exchange, because that which the statute has declared void cannot be made valid by passing through the channels of trade." Claflin v. Boorum (N. Y.) 25 N. E. 360.

Federal Government Recognizes State Law.

The public policy of a state with respect to contracts made within the state and sought to be enforced therein is obligatory upon the federal courts, whether acting in equity or in law. M., K. & T. Trust Co. v. Krumseig, 172 U. S. 351, 43 L. Ed. 474.

The right given by a state statute to have a contract canceled for usury without repaying the money loaned can be enforced in a federal court. Id.

The court in the majority opinion says:

"The trial court erred in deducting the penalty from the amount of money actually received, to wit, $2,100, instead of deducting the same from the amount of the contract, to wit, $2,500."

Notwithstanding the plain and unambiguous statute, section 5099, C. O. S. 1921, which specifically provides that the defendant (borrower) may liquidate the usurious contract by tendering or depositing the exact amount of money received from the lender, the court in the majority opinion contends that the penalty should be deducted from the contract sued on (to wit, a note for $2,550), which the court admits is a usurious contract, and further admits that a bonus of $450 was added to the actual amount of money received by the borrower, and that said bonus is included in the note sued on.

Section 5099 further provides that said tender or deposit of usurious interest consists of "the entire interest charged, received, reserved or collected thereon, * * *" and the payee (lender) of said contract is given 24 hours to accept or reject such tender or sum deposited, and if the lender refuses to accept the said tender, 'the entire interest taken, received, reserved, or charged" on said contract (we interpret the word "contract" as herein used and as provided by section 5099, means, "the exact amount of money received from the lender"), the court or a jury should render judgment against the plaintiff (lender) "holding such contract and debt satisfied. * * *"

This court, in Pearson v. Glen Lumber Co. supra, holds:

"The amount actually loaned should be credited with double the amount of interest charged and reserved * * *"

The court in said case further held:

"The intention of this statute is to penalize the lender by requiring him to forfeit and pay to the borrower 'twice the amount of (usurious) interest' he has exacted of the borrower. * * *"

The court in the majority opinion also contends that the payment of $400, which was paid by the defendant to take up the four installment notes, should be deducted from the $2,550 usurious contract.

We are unable to determine, by any legal or logical reasoning, why the court would deduct a legally recognized payment or credit on a debt, as usurious interest, unless it feels in duty bound to sustain the contention in Richardson v. Barnhart, that "Usurious interest should be deducted from the contract sued on."

The "debt," as herein used, is recognized and held by all uncontradicted authority to be, "the exact amount of money received from the lender."

The "debt" due the lender from the borrower is expressed in different terms by the authorities, but said terms are used synonymously and have the same meaning. The word "debt," as used in our usury statute, means: "The exact amount of money received from the lender." In other statutes, and in the decisions of many courts, the word "debt," in usury cases, is referred to in other terms, namely: "the actual amount loaned," "principal sum loaned," "plaintiff's demand," "original" amount loaned, and "principal debt," etc. These terms all relate to the exact amount of money actually received from the lender, and we have been unable to find a single authority holding that usurious interest charged or received should be deducted from the note or contract sued on, where the note or contract shows on its face to be a usurious contract.

This court, having held in Pearson v. Glen Lumber Co., that "the entire amount of usurious interest should be deducted from the exact amount of money received from the lender," it follows as a legal conclusion that any payment made by the defendant (borrower) to liquidate his debt, should be deducted from "the exact amount of money received from the lender."

"In cases of usury this distinction has been adopted by courts of equity. All such contracts being declared void by the statute against usury, courts of equity will follow the law in the construction of the statute. If, therefore, the usurer or lender comes into a court of equity seeking to enforce the contract, the court will refuse any assistance and repudiate the contract. * * *" Story's Eq. Jurisprudence, vol. 1 (14th Ed.) sec. 424.

The enforcement of a promissory note for a usurious consideration is a contract within the Act of Assembly of Maryland, declaring all bonds, contracts, and assurances taken on a usurious contract to be utterly void. Gaither v. Farmers & Mechanics Use of Corcorran, I Pet. (U. S.) 37, 7 L. Ed. 43.

Observe: The court in the majority opinion holds if the interest shown to be usurious "has not been paid," "the plaintiff is

entitled to judgment for the full amount contracted by the defendant to be paid to the plaintiff." Full amount contracted in the instant case is $2,550, including $450 bonus.

The court in the majority opinion submits a mathematical demonstration in support of the conclusion reached that "the trial court erred in deducting the usurious interest from the "exact amount of money received." A careful analysis of the court's mathematical demonstration shows conclusively the court did deduct the $400 payment of the four installment notes from the $2,550 note sued on. The method employed by the court in the majority opinion is as follows:

First, the court deducts the $400 payment from the $2,550 note, and obtains as a result, $2,150.

Second, the court deducts $1,350, admitted usurious interest, plus $250 attorney's fee allowed by the court, aggregating $1,600, from the $2,150, leaving $550, the amount claimed by the court in the majority opinion to be due plaintiff on the contract.

Third, the court then adds $95 attorney's fees allowed plaintiff, making $645, for which, as contended in the majority opinion, plaintiff is entitled to judgment.

It is our contention that the $400 payment should have been credited on the exact amount of money received by the borrower as provided by law. The $400 payment is not recognized by either plaintiff or defendant as usurious or illegal interest. The record plainly shows that the $400 in question is money received by the plaintiff from the defendant, in payment of four of the installment notes, and should have been deducted from the $2,100. "the exact amount of money received from the lender."

The authorities recognize a legal distinction between payments and set-offs.

### Set-Offs Distinguished.

" 'The distinction between a payment and set-off is that a payment is, by consent of the parties, express or implied, appropriated to the discharge of a debt, whereas a set-off is an independent demand, calling for its own action which the parties have not applied on the debt." Kennedy v. Davisson (W. Va.) 33 S. E. 291; St. Louis & T. R. Packet Co. v. McPeters (Ala.) 27 So. 518.

If the court had deducted the $400 payment from the $2,100 (the exact amount of money received), it would have as a result $1,700 remainder due on debt, from which amount the court should have deducted $1,350, admitted usurious interest, plus $250 attorney's fees allowed by the court, aggregating $1,600. Deducting $1,600 usurious interest from $1,700, amount of debt due, we have $100, correct amount due plaintiff. Adding $95 attorney's fees, allowed plaintiff by the court, we have $100, plus $95, which equals $195, the correct amount due plaintiff, which was the amount of his judgment.

The majority opinion gives plaintiff
judgment for _____$645.00

The trial court gave plaintiff judgment for _____$195.00

If we subtract $195 (judgment of the trial court) from $645 (judgment recommended by majority opinion), we have as a result ___$450.00

The $450 is the exact amount of the bonus added to the $2,100, amount actually received from the lender.

In other words, plaintiff will receive $450 more under the majority opinion than plaintiff can recover under the law if this court should sustain the judgment of the trial court.

It should be remembered, and it is admitted in the majority opinion, that the plaintiff (money lender) added $450 bonus to the $2,100 (money received by the borrower), and required the borrower to execute his note for $2,550, which note is the basis of this litigation and is held by all authorities to be usurious, illegal, and void.

The writer of this opinion cannot assent to an opinion which permits a covetous money lender to add a bonus of $450 to the actual amount of money received by the borrower, and then permit the money lender to recover judgment for the full amount expressed in the usurious contract.

Such conduct on the part of the money lender is not only reprehensible and a fraud upon the borrower, but it is in derogation of law and against public policy.

We are of the opinion that the majority opinion should be rejected by this court, and that the opinion in the case of Richardson v. Barnhart, supra, should be overruled in so far as it conflicts with the law herein enunciated.